409 A.2d 99

**Robert FINGLES and Myrna Fingles, his Wife**

**v.**

**Eugene GREEN and Diane Green, his Wife, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1978.

Filed Aug. 31, 1979.

John A. Fitzpatrick, Philadelphia, for appellants.

Anne M. Dixon, Philadelphia, for appellees.

Before PRICE, SPAETH and WATKINS, JJ.

PRICE, Judge:

This is an appeal from the order of the court of common pleas denying appellants' motion for reconsideration. We conclude that because the appeal was not filed in a timely fashion, it must be quashed.

The salient facts and dates are not in dispute. On July 9, 1970, appellees filed a complaint in trespass alleging that appellants negligently caused an accident on February 13, 1970, which resulted in personal injuries to appellees. After an answer had been filed, appellees failed to pursue the action, with the result that on May 22, 1974, it was dismissed with prejudice pursuant to Philadelphia Local Rule 1047*A.[1] The dismissal was docketed on May 29, 1974.

On September 3, 1976, appellees filed an application for reinstatement of the case as provided by the identical local rule.[2] After consideration, the court below vacated its prior order of May 22, 1974, and reinstated the matter on September 20, 1976. On October 7, 1976, appellants petitioned to vacate the September 20, 1976 order, which petition was

1. Rule 1047*A provided:

"Whenever in any civil action a Certification of Readiness has not been filed and no proceedings have been docketed in the Prothonotary's Office for a period of two successive years, the action shall be dismissed, with prejudice, for failure to prosecute, under the provisions of this rule, and the docket so marked, provided that no less than sixty days' notice be given either by regular mail or by publication once in *The Legal Intelligencer*. Dismissal under this rule is subject to the right of any party to reinstate the action by written application for good cause shown after such dismissal."

While we recognize that the substance of Rule 1047*A has been incorporated with Rule 130 of the Rules of Civil Procedure of the Court of Common Pleas of Philadelphia County, because the lower court in its opinion, as well as the parties in their briefs, continue to refer to the Star Rule, we will also employ their terminology in the interests of consistency. The one pertinent modification effected by Rule 130 is the requirement that the application to reinstate be made within three months of the date of dismissal. Although we note that appellees filed their motion to reinstate some 27 months following the dismissal, the propriety of the court's decision to entertain that initial petition was not argued below and is not presented before us.

2. In their application, appellees alleged that the confusion attending the dissolution of the law firm handling their case caused the delay.

subsequently denied on October 22, 1976. This last order permitted appellants to file a motion for a judgment of non pros, and this was done on December 15, 1976. Following oral argument, the motion was denied on January 20, 1977. Appellants next filed a motion for reconsideration on January 12, 1978, which was denied on January 17, 1978. The instant appeal was filed on February 8, 1978.

■ Pursuant to Pa.R.A.P. 903(a), the notice of appeal to this court "shall be filed within 30 days after the entry of the order from which the appeal [was] taken." Such limitations have been strictly construed by the courts of this Commonwealth. *See, e. g., Commonwealth v. Wilkinson,* 260 Pa.Super. 77, 393 A.2d 1020 (1978); *Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 378 A.2d 893, *allocatur denied,* 250 Pa.Super. xxxv (1977); *Commonwealth v. Lord,* 230 Pa.Super. 96, 326 A.2d 455 (1974). Appellants instantly purport to appeal from the decision of the court below on January 17, 1978, refusing to reconsider its final order of January 20, 1977, and this appeal was indeed filed within thirty days of that refusal. Pennsylvania case law, however, is clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal. *Provident National Bank v. Rooklin, supra,* 250 Pa.Super. at 202, 378 A.2d at 897. Thus, appellants' appeal may be considered by this court only if filed in a timely fashion with respect to the January 20, 1977 order dismissing the motion for judgment of non pros.

■ Obviously, this was not done. The actual filing date was far in excess of the thirty-day maximum promulgated by our rules of appellate procedure. Moreover, the fact that appellants petitioned for reconsideration does not toll the running of the limit. We addressed precisely that problem in *Provident National Bank v. Rooklin, supra.* In that case, the plaintiff was granted summary judgment on September 21, 1976. On October 20, 1976, he petitioned the lower court for reconsideration. This was denied on October 21, 1976, and a notice of appeal to this court was filed on November 15, 1976. In quashing the appeal as untimely we noted:

"Pennsylvania courts have consistently held that an untimely appeal must be quashed. *West Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975); *Nardo v. Smith*, 448 Pa. 38, 292 A.2d 377 (1972); *Luckenbach v. Luckenbach*, 443 Pa. 417, 281 A.2d 169 (1971); *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. 363, 214 A.2d 203 (1965); *Kellman v. McShain*, 369 Pa. 14, 85 A.2d 32 (1951).

Moreover, Pennsylvania courts have repeatedly held that a petition for reconsideration, rehearing, or reargument does not affect the final judgment unless the court retains control, as for example by staying all proceedings. *A motion for reconsideration or for a rehearing and proceedings thereon does not have the effect of tolling the appeal statute when no stay has been granted pending the rule.* *Merrick Estate*, 432 Pa. 450, 247 A.2d 786 (1968); *Cumberland Val. S. & L. Assn. v. Myers*, 396 Pa. 331, 153 A.2d 466 (1959); *Baily Petition*, 365 Pa. 613, 76 A.2d 645 (1950); *Seem's Estate*, 341 Pa. 198, 19 A.2d 60 (1941); *Henry's Estate*, 290 Pa. 537, 139 A. 198 (1927); *Silver, Lovitz & Atkinson v. Scaltrito*, 239 Pa.Super. 253, 361 A.2d 705 (1976)."

*Id.*, 250 Pa.Super. at 197–98, 378 A.2d at 894–95 (emphasis added).

We further observed that Pa.R.A.P. 1701 did not demand a contrary result.[3] Indeed, the new rule, "expressly

**3.** Pa.R.A.P. 1701(b) provides in pertinent part:
"After an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may:

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:
(i) an application for reconsideration of the order is filed in the lower court or other government unit within the time provided or prescribed by law; and
(ii) an order expressly granting reconsideration of such prior order is filed in the lower court or other government unit within the time prescribed by these rules for the filing of a notice of appeal, petition for allowance of appeal or petition for review of a quasijudicial order with respect to such prior order, or within any

embodies the prior rule that, absent a stay or order granting reconsideration issued by the lower court, a petition for reconsideration does not toll the statutorily mandated appeal time. To hold otherwise would permit a party to employ dilatory tactics as a strategy." *Id.*, 250 Pa.Super. at 201, 378 A.2d at 896.

Clearly, appellants have failed to comport with these provisions, and consequently, this appeal is not properly before us.

Appeal quashed.

shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for allowance of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order, and the clerk of any court in which such an inoperative notice or petition is filed or docketed shall upon praecipe of any party note on the docket that such notice or petition has been stricken under this rule."