421 A.2d 715

**Elizabeth Strom GRADY**

v.

**James GRADY, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 29, 1980.

John E. Lister, Narberth, for appellant.

Eric D. Turner, Philadelphia, for appellee.

Before SPAETH, CAVANAUGH and O'KICKI, JJ.*

PER CURIAM:

This is an appeal from an order granting appellee–wife a divorce based upon indignities to her person. Appellant–husband argues that the evidence was insufficient to warrant the grant of a divorce. We shall not reach the merits of this argument, however, as the present appeal is untimely and therefore must be quashed.

The lower court entered an order dismissing exceptions to the master's report and entering a decree in divorce on March 3, 1978. Appellant did not appeal from this order but instead, on March 14, filed a petition in the lower court entitled a "Petition to Vacate Order and Decree of Court." This petition was essentially a petition asking the lower court to reconsider its order of March 3. Later, on June 23, appellant filed a second petition in the lower court, asking for argument on the petition of March 14. On October 4, the lower court entered an order affirming its order of March 3. Appellant filed the present appeal on October 25.

Since the appeal was filed on October 25, 1978, some seven months after the lower court entered the decree in divorce on March 3, 1978, appellant's appeal must be quashed as untimely filed. See Fingles v. Green, 269 Pa.Super. 131, 409 A.2d 99 (1979); Commonwealth v. Wilkinson, 260 Pa.Super. 77, 393 A.2d 1020 (1978); Provident National Bank v. Rooklin, 250 Pa.Super. 194, 378 A.2d 893 (1977). The fact that appellant filed the petition to vacate does not save the appeal, for that petition was nothing more than a petition for reconsideration, and as such did not toll the appeal period, since the lower court entered no stay. Washington v. Liberi, 273 Pa.Super. 48, 416 A.2d 1082 (1979); Fingles v. Green, supra; Provident National Bank v. Rooklin, supra. Likewise, appellant's citation in his notice of appeal that the order appealed from was that of October 4, 1978, does not save the appeal. That order was at most an order dismissing appellant's petition for reconsideration of the order and

* President Judge JOSEPH O'KICKI, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

decree of March 3, 1978, and as such was not a final appealable order. *Fingles v. Green, supra; Provident National Bank v. Rooklin, supra.*

Appeal quashed.