J-S49013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SARA STRANIERI, | |
| Appellant | No. 222 MDA 2015 |

Appeal from the Order Entered January 30, 2015
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2010 -02759

BEFORE:  BENDER, P.J.E., ALLEN, J., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED AUGUST 28, 2015**

Appellant, Sara Stranieri, appeals *pro se* from the trial court's January 30, 2015 order granting the motion to proceed with sheriff's sale filed by Appellee, JP Morgan Chase Bank, N.A. ("JPMC").  Because we conclude that this Court does not have jurisdiction, we are compelled to quash this appeal.

On April 20, 2010, JPMC filed a complaint in mortgage foreclosure against Appellant regarding the mortgaged premises located at 813 West Elm Street, Scranton, Pennsylvania.  A default judgment was entered in favor of JPMC on June 18, 2010.  However, the court subsequently granted Appellant's motion to open/strike default judgment on July 29, 2010.  JPMC proceeded with the filing of an amended complaint on March 24, 2011.  After the dismissal of her preliminary objections, Appellant filed an answer to the amended complaint on April 26, 2012.  JPMC later filed a motion for

summary judgment, and by order dated August 30, 2013, JPMC was granted summary relief.

The docket indicates a long and complicated history following the entry of the August 30, 2013 summary judgment order. We need not reiterate the complex history of this case for the purposes of this appeal.[1] Rather, we note only the most relevant facts which gave rise to this appeal. After numerous challenges to JPMC's summary judgment relief,[2] the trial court entered an order on January 30, 2015, which granted JPMC permission to proceed with a scheduled sheriff's sale on the mortgaged premises and dismissed all of Appellant's outstanding motions.

On February 2, 2015, Appellant filed a notice of appeal, in which she expressly states that she is appealing from the January 30, 2015 order entered by the trial court in the aforementioned foreclosure matter.[3] The notice of appeal states: "This order has been entered in the dockets as evidenced by the attached copy of the docket entry sheets." Notice of

_____

[1] **See** Trial Court Opinion, dated 3/6/15, at 2-4, for a more detailed summary of the facts and procedural history of the foreclosure matter.

[2] Appellant filed multiple pleadings with the trial court, objecting to the summary judgment order in favor of JPMC and attempting to prevent the sale of the mortgaged premises. However, Appellant failed to follow the local rules and did not properly present said pleadings to the motions court. Accordingly, said pleadings remained outstanding on the court's docket and were never heard by the court.

[3] The trial court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appeal, dated 2/2/15. However, no copy of the January 30, 2015 order is attached to Appellant's notice of appeal, nor is the order reflected in the docket. Pennsylvania Rule of Appellate Procedure 301(a) provides, in pertinent part, that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). Moreover, we note that the following issues presented by Appellant in her brief do not make any reference to the January 30, 2015 order:

1. Did the Lackawanna [C]ounty [C]ourt of [C]ommon [P]leas, Judge Kane, commit harmful and palpable error when the [j]udge [g]ranted [JPMC] [s]ummary [j]udgment?

2. Did the Lackawanna [C]ounty [C]ourt of [C]ommon [P]leas Judge Kane commit harmful and palpable error when the [j]udge allowed [Appellant's] legal counsel of record, Gary R. Katz[,] to do nothing on her behalf?

3. Did the Lackawanna [C]ounty [C]ourt of [C]ommon [P]leas Judge Kane commit harmful and palpable error by not protecting the [Appellant's] [r]ights, in direct violation of due process of law, discovery, competent and effective assistance of counsel, an opportunity to a fair and impartial trial, *etc.*?

4. Was [Appellant] irreparably injured and harmed by the Court's nonfeasance and/or failure to protect her [r]ights?

5. Whether the judgment amount of $168,267.35, dated 6-30-14, is in excess of the original claim of $126,681.79, dated 6-18-10?

Appellant's Brief at 2-3.

After reviewing Appellant's brief and statement of questions involved, it is apparent that Appellant is attempting to appeal from the August 30, 2013 order granting JPMC summary judgment. "In order to preserve the

right to appeal from a final order of the Court of Common Pleas, a notice of appeal must be filed within 30 days after the date of entry of that order." *Valley Forge Center Assoc., v. Rib-It/K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997). *See also* Pa.R.A.P. 903(a). As we explained in *Valley Forge Center Assoc.*, "[t]his Court is without jurisdiction to excuse a failure to file a timely notice, as the 30-day period must be strictly construed. Further, we note that an untimely appeal divests this Court of jurisdiction." *Valley Forge Center Assoc.*, 693 A.2d at 245. (citations omitted). "Pennsylvania courts have consistently held that an untimely appeal must be quashed." *Fingles v. Green*, 409 A.2d 99, 101 (Pa. Super. 1979) (citations omitted).

Here, Appellant improperly filed a notice of appeal from an order that was not entered on the docket. Additionally, were we to treat this matter as an appeal from the August 30, 2013 order, which appears to be Appellant's intention based on the issues presented on appeal, then we must conclude that the appeal is untimely. Accordingly, we are without jurisdiction and, therefore, must quash this appeal as improper and untimely.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/2015

- 4 -