418 A.2d 711

**Dorothy GEEK, Appellant,**

v.

**Harry SMECK and Hartford Accident and Indemnity Company.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed Feb. 22, 1980.

Reargument Denied May 1, 1980.

Joseph I. Fineman, Philadelphia, for appellant.

Walter S. Jenkins, Philadelphia, for appellees.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

PER CURIAM:

Appellant contends that the lower court erred in granting summary judgment in favor of appellee. Because appellant has appealed from an unreviewable order, however, we do not reach the merits of this appeal and, accordingly, affirm the order of the court below.

On October 24, 1978, the lower court granted summary judgment in favor of appellee, as garnishee, in a garnishment proceeding instituted by appellant. On November 15, 1978, appellant filed a petition for reconsideration of the order. No stay of proceedings was sought or granted pending action on the petition. The lower court denied the petition on December 22, 1978. On January 18, 1979, appellant filed a notice of appeal from the December 22 order denying reconsideration. Appellant did not, however, appeal from the October 24 judgment of the lower court.

This appeal is governed by our decision in *Provident National Bank v. Rooklin*, 250 Pa.Super. 194, 378 A.2d 893 (1977). In that case, as in the case at bar, appellant filed an appeal from the order denying reconsideration more than thirty days after the entry of a summary judgment order. After an extensive review of the case law and of Rules 903

and 1701 of the Pennsylvania Rules of Appellate Procedure, we concluded:

> In the instant case, appellant failed to file an appeal from the grant of summary judgment. Appellant's petition for reconsideration did not toll the appeal statute; a stay was neither requested nor granted; nor did the lower court grant reconsideration. Therefore, the grant of summary judgment is not properly before us and we do not reach the merits of the claim.
>
> Appellant has appealed from the order denying his petition for reconsideration. Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal. We will not permit appellant to do indirectly that which he cannot do directly.

*Id.*, 250 Pa.Super. at 202–03, 378 A.2d at 897 (citations omitted). We therefore affirmed the order of the court below. *Id.*

In the instant case, appellant similarly did not appeal from the summary judgment order. Consequently, the only order properly before us is the denial of reconsideration. Because such an order is not reviewable on appeal, we must affirm the order of the lower court.

Order affirmed.