419 A.2d 673

**COMMONWEALTH of Pennsylvania**

v.

**Leon WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed April 3, 1980.

Reargument Denied June 3, 1980.

Petition for Allowance of Appeal Denied Oct. 6, 1980.

Leonard Sosnov, Assistant Public Defender, John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric G. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

PER CURIAM:

Appellant contends, *inter alia,* that trial counsel was ineffective for failing to preserve for appellate review the issues of sufficiency of the evidence and prosecutorial misconduct. We remand for appointment of new counsel.

On August 25, 1977, a jury found .appellant guilty of aggravated assault, possession of a prohibited offensive weapon, carrying a firearm on a public street, and resisting arrest. Following denial of appellant's post--trial motions, the lower court sentenced appellant to a total of 11 to 22 years imprisonment. Appellant then took this appeal, represented, as he was at trial, by a member of the Defender Association of Philadelphia.

Our Supreme Court has stated that

88

When an appellant raising ineffectiveness of trial counsel is represented by appointed counsel from the same office which represented him at trial, the proper procedure is to remand to allow appointment of new counsel not associated with trial counsel. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977). In such circumstances, it cannot "be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled." *Commonwealth v. Fox*, supra, 476 Pa. at 479, 383 A.2d at 200.

*Commonwealth v. Patrick*, 477 Pa. 284, 286–87, 383 A.2d 935, 936 (1978). Accordingly, we remand to the trial court for appointment of new counsel not a member of the Defender Association of Philadelphia to represent appellant on the issue of ineffectiveness of trial counsel and any other issue properly preserved for appellate review.*

Remanded for proceedings consistent with this opinion.

---

\* On remand, appellant must be permitted to retain present counsel if he so desires, provided that he is told of the potential disadvantages of proceeding with counsel from the same office as counsel whom he asserts is ineffective. *Commonwealth v. Harrison*, 275 Pa.Super. 259, 418 A.2d 711 (1980). "Therefore, on remand, the court should inform the appellant of the facts necessary to ensure that his decision is knowing and intelligent." *Commonwealth v. Gardner*, 480 Pa. 7, 11, 389 A.2d 58, 60 (1978).