441 A.2d 1338

**DRAKES MILLS DEVELOPMENT COMPANY, Appellant,**

**v.**

**NORTHWEST PENNSYLVANIA BANK AND TRUST COMPANY.**

Superior Court of Pennsylvania.

Argued May 1, 1981.

Filed Feb. 26, 1982.

Robert B. McCullough, Erie, for appellant.

Robert S. Bailey, Meadville, for appellee.

Before POPOVICH, MONTGOMERY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in dismissing its action for want of prosecution. We disagree and, accordingly, affirm the order of the lower court.

Appellant commenced this action by filing a complaint in assumpsit on April 8, 1976. On August 12, 1976, the lower court granted appellee's preliminary objections in part, and ordered appellant to file a more specific pleading within

twenty (20) days. Despite that order, appellant did nothing until August 29, 1980, when it filed an *ex parte* petition for an extension of time to certify the case ready for trial under Rule 218 of the Pennsylvania Rules of Civil Procedure (240 Day Rule).[1] Appellant alleged that it was simultaneously filing an amended complaint. The lower court granted the extension until January 3, 1981. On October 15, 1980, however, appellee filed a motion to dismiss the action for failure to comply with the 240 Day Rule, alleging that it had received no notice of the extension petition as required by the rule and that appellant still had not filed its amended complaint. Appellant finally filed an amended complaint nine days later. Following a hearing, the lower court granted appellee's motion and dismissed appellant's action. This appeal followed.

Appellant contends that the lower court erred in dismissing its action. We disagree. The 240 Day Rule provides:

    1. Prompt Certification for Trial

    (a) In all civil actions commenced on or before December 31, 1979, any and all documents required to signify that the case is ready for trial must be filed on or before August 31, 1980. In civil actions commenced on or after January 1, 1980, such documents must be filed not more than 240 days after the action is commenced.

    (b) Prior to the expiration of the period limited in Paragraph (a), any party may apply for an extension of such period. *The application must be served on all other parties and must set forth the grounds for the request and the length of extension required. The Court may grant the extension only upon finding good cause.* The order of extension, if any, shall set forth the new date for certifying trial readiness, which may be sooner than that requested, but may not be later.

---

1. The 240 Day Rule was promulgated by the Supreme Court on November 19, 1979, No. 16 E.D.Misc. Docket and was found as a footnote to Pa.R.Civ.P. 218 (1980 ed.), *reprinted in* 486 Pa. xxxvii. It was later vacated by the Supreme Court on March 6, 1981.

(c) *If the documents are not filed within the time limits above, the court, with or without motion by any party, shall require that good cause be shown why the case should not be dismissed for want of prosecution.*

(Emphasis added). Appellant was thus required to certify its case as ready for trial or to seek an extension of time by August 31, 1980. Two days before that expiration date appellant petitioned for an extension and alleged that it was simultaneously filing an amended complaint. In fact, appellant did not file the amended complaint, nor did he give appellee the required notice. The lower court properly disregarded its earlier *ex parte* extension based upon appellant's misrepresentation and held a hearing on appellee's motion to dismiss.

In order to show good cause why a case should not be dismissed for want of prosecution under the 240 Day Rule, a plaintiff must reasonably explain his inability to certify the case ready for trial. A decision by the lower court that plaintiff's delay was unjustified is within its sound discretion and will not be reversed absent a manifest abuse of discretion. *Cf. Richards v. Swift*, 241 Pa.Superior Ct. 359, 360, 361 A.2d 688, 689 (1976) (court's decision granting non pros within its sound discretion). Appellant had been instructed to file an amended complaint within twenty days, attach copies of checks and contracts mentioned in the original complaint or explain their absence. The lower court was "unimpressed" by appellant's reasons for delaying four years in complying with its order. Appellant has offered us nothing other than a bare assertion of due diligence to justify the delay.[2] We are unable to find that the lower court abused its discretion and, accordingly, affirm its order.

Affirmed.

**2.** Appellant contends also that the lower court erred in not applying the tests used in a dismissal, nonsuit or non pros. We disagree. The 240 Day Rule is a *per se* rule of dismissal and puts upon the plaintiff the burden of showing good cause to justify an extension. That burden is satisfied by a reasonable explanation for the delay. As noted above, appellant's explanation was unsatisfactory.