445 A.2d 517

**Charles JOHNSON and Ruth Johnson, Appellants,**

v.

**KEYSTONE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Feb. 1, 1982.

Filed May 7, 1982.

188

James Womer, Philadelphia, for appellants.

Mark Robert Bosniak, Philadelphia, for appellee.

Before WICKERSHAM, ROWLEY and McEWEN, JJ.

ROWLEY, Judge:

This is an appeal from an order dismissing the appellants' complaint for failure to comply with the so-called "240 Day Rule" and Philadelphia R.Civ.P. 151.[1] The appellants contend that the lower court abused its discretion in entering the order. We vacate and remand.

The procedural history of this case is as follows: Appellants filed their complaint on December 3, 1979. An answer, new matter and counterclaim were filed by the appellee on January 16, 1980. Preliminary objections to the answer, new matter and counterclaim were filed by the appellants on January 18, 1980.

On January 15, 1980, the appellee sent the appellants a set of supplemental interrogatories. In a letter dated February 12, 1980, appellants' counsel notified the appellee that the appellants would not answer the supplemental interrogatories on the ground that the information being sought was as readily available to the appellee as it was to the appellants.[2]

On June 16, 1980, the appellee filed a motion for sanctions seeking to compel appellants to answer the supplemental interrogatories. An answer to the motion was filed on the same day.

On June 19, 1980, the trial court entered an order granting in part and denying in part appellants' preliminary objec-

1. The "240 Day Rule" was promulgated by the Pennsylvania Supreme Court on November 19, 1979, No. 161 E.D.Misc.Docket 1979, and vacated on March 6, 1981. The applicability of the Philadelphia rule is not discussed in the briefs filed with this Court.

2. The appellee was the appellants' no-fault carrier. The appellants sued the appellee to recover no-fault payments that were allegedly due to the appellants under the terms of their insurance contract with the appellee. The supplemental interrogatories dealt with questions concerning who the appellants' no-fault carrier was and what the terms of their no-fault insurance contract were.

tions. The appellee filed an amended answer, new matter and counterclaim on July 1, 1980. Appellants filed a reply on July 3, 1980.

On August 6, 1980, the trial court ordered the appellants to answer the supplemental interrogatories within 30 days.[3] The appellants' answers were filed on August 12, 1980.

A hearing was held on November 10, 1980, following notice, before a "court master", to determine whether the appellants' complaint should be dismissed for their failure to file either a certificate of readiness or a petition for an extension of time on or before August 31, 1980, as required by the "240 Day Rule". There is no record of that "hearing" and the master did not file a report with the court.

On December 23, 1980, the trial court entered an order dismissing the appellants' complaint stating only that appellants had "failed to show good cause for not filing a Certificate of Readiness or a Petition to Extend. . . ." It is from this order that appellants filed their appeal. On February 4, 1981 the trial court filed a "memorandum opinion",[4] containing one sentence, and stating again that the appellants' complaint had been dismissed on December 23, 1980 for their failure "to demonstrate good cause" for not complying with the 240 day rule "as determined by a Court Master" at the hearing on November 10, 1980.

On January 22, 1981, after their appeal was filed in this court, appellants petitioned the trial court for reconsideration of its order of December 23, 1980. The basis of their petition was that they had made a good faith effort to comply with the 240 Day Rule. In support of the petition, appellants set forth the following allegations: (1) The appellants' counsel was not able to begin the process of compliance with the 240 Day Rule until August of 1980 because he

3. Interestingly, the order allowed appellants until September 5, 1980 to file the answers which was five (5) days after the August 31, 1980 deadline under the 240 day rule.

4. The memorandum opinion was apparently filed in response to Pa.R.A.P. 1925(a).

was almost continuously involved in trial work from September of 1979 to August of 1980; (2) The appellants' counsel had almost 400 Certificates of Readiness or Petitions for Extensions to file in August of 1980; (3) The hours for filing certificates or petitions in the Prothonotary's Office for Philadelphia County in August of 1980 were limited to between 7:00 A.M. to 9:00 A.M. and between 5:00 P.M. and 7:00 P.M.; (4) As a result of the large number of certificates and petitions being filed in Philadelphia County in August of 1980, the Prothonotary's Office was in a state of "utter confusion"; (5) The certificate of readiness for this case was prepared and taken to the Prothonotary's Office before the August 31, 1980 deadline but for some unknown reason, it was never filed; (6) In the week after the deadline for filing the certificate had passed, appellants' counsel attempted to file the certificate, however, the Prothonotary refused to accept it; and (7) This evidence was presented at the Master's Hearing in this matter.

In opposition to appellants' petition for reconsideration, appellee alleged that no evidence in support of appellants' allegations was introduced at the master's hearing. The appellee alleges that the only evidence presented by appellants at the November 10, 1980 hearing was that the certificate was not filed because of an oversight by appellants' counsel.

The trial court denied the petition for reconsideration on February 20, 1981, on the basis that appellants' appeal from the Order of December 23, 1980 was pending before this court.

The Supreme Court's order of November 19, 1979 provided:

"(1) Prompt Certification for Trial

"(a) In all civil action commenced on or before December 31, 1979, any and all documents required to signify that the case is ready for trial must be filed on or before August 31, 1980. In civil actions commenced on or after

January 1, 1980, such documents must be filed not more than 240 days after the action is commenced.

"(b) Prior to the expiration of the period limited in Paragraph (a), any party may apply for extension of such period. The application must be served on all other parties and must set forth the grounds for the request and the length of the extension required. The court may grant the extension only upon finding good cause. The order of extension, if any, shall set forth the new date for certifying trial readiness, which may be sooner than that requested, but may not be later.

"(c) If the documents are not filed within the time limits above, the court, with or without motion by any party, shall require that good cause be shown why the case should not be dismissed for want of prosecution.

"(d) For purposes of this order

"(i) Documents required to signify that a case is ready for trial include certificates of readiness, praecipe for trial or other writing required by local rule."

Appellants concede that no certificate of readiness or petition for an extension of time was filed and docketed in the prothonotary's office on or before August 31, 1980. The appellants contend, however, that the evidence they produced at the master's hearing was sufficient to show good cause for their failure and that the court erred in dismissing their complaint for want of prosecution and that the dismissal constituted an abuse of discretion.

To show good cause why a case should not be dismissed for want of prosecution pursuant to the 240 Day Rule, a plaintiff must reasonably explain his inability to certify the case ready for trial. The burden of proof is on the plaintiff. A decision to dismiss a complaint for want of prosecution under the 240 Day Rule is within the sound discretion of the trial court and will not be reversed absent a manifest abuse of discretion. *Drakes Mills Development*

*Company v. Northwest Pennsylvania Bank and Trust Company,* 295 Pa.Super. 487, 441 A.2d 1338 (1982).

■ The allegations contained in appellants' petition for reconsideration, if true, would reasonably explain the appellants' failure to certify this case ready for trial or file a petition for an extension of time by August 31, 1980 and would constitute "good cause". Those allegations, if true, support a conclusion that appellants' counsel made a good faith effort to comply with the 240 Day Rule and that his failure to do so was the product of the extraordinary volume of work created in his office and the prothonotary's office by the approaching deadline and the problems created for the prothonotary's office in attempting to cope with the situation and was not due to a lack of due diligence on counsel's part.

On the basis of the record in this case, however, it is impossible for us to decide the question. There is a disagreement between the parties as to what evidence was actually presented at the master's hearing. The record contains neither a transcript of that hearing or a master's report. The lower court's opinion contains only the conclusion that the appellants failed to show good cause for not complying with the 240 Day Rule. There are no findings of fact and no discussion of the "facts" in the opinion. Hence, there is no way for us to know what evidence was actually introduced at the master's hearing or what evidence the lower court relied upon in making its decision. Any decision on the merits we would make in this case, therefore, would be based upon only our subjective assumptions as to what transpired during the master's hearing in this matter. We cannot decide the case on its merits under these circumstances.

Where it is impossible for the appellate court to decide a case because the record is incomplete, the case should be remanded to the lower court for clarification and completion of the record. See *Anmuth v. Chagon,* 295 Pa.Super. 32, 440

A.2d 1208 (1982) [not obvious from the record that the copy of the rule relied upon by the appellant was a forgery], Cf. *Pawol v. Pawol*, 293 Pa.Super. 29, 437 A.2d 974 (1981) [impossible for the appellate court to determine if the lower court considered all relevant factors before entering an order increasing support where there is no transcript of the support hearing], and *Dickson v. Lewandowski*, 224 Pa.Super. 285, 307 A.2d 392 (1973) [impossible to determine if the Statute of Limitations had run before the appellant was joined where the record is silent as to whether, when, how and on what grounds the appellant was joined].

In the case at hand, we believe it is particularly appropriate that the case be remanded for completion and clarification of the record. Unlike other cases involving the dismissal of a case for failure to comply with the 240 day rule, the procedural history of this case prior to August 31, 1980 clearly indicates that the appellants were proceeding diligently and that the case was active. Cf. *Drakes Mills Development Company v. Northwest Pennsylvania Bank and Trust Company*, supra. All necessary pleadings were timely filed by the appellants. There were no unreasonable delays caused by the appellants. The only delay in this case actually caused by the appellants resulted from their refusal to answer the appellee's supplemental interrogatories. Their decision to do so, however, was of at least arguable merit. (See fn. 2).

To complete and clarify the record in this case, the lower court may hold a hearing to determine whether or not the appellants have shown good cause why this case should not be dismissed pursuant to the 240 Day Rule. If the court concludes, on review, that "good cause" exists, it may discharge the rule and reinstate the complaint.

The Order of the lower court dismissing the appellants' complaint is vacated and the case is remanded to the lower court for proceedings consistent with this opinion. Jurisdiction is relinquished.