Kenneth J. Adams et al., Appellants *v.* Solanco School District, Appellee.

Argued February 4, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Gerald E. Ruth,* for appellants.

*Christopher Mattison,* with him *Dale E. Lapp, Barley, Snyder, Cooper & Barber,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., August 18, 1982:

This is an appeal from an order of the Court of Common Pleas of Lancaster County that dismissed, for lack of prosecution, an assumpsit action against the Solanco School District (School District).

In January 1976, Kenneth J. Adams and 14 other persons filed, as co-plaintiffs, a 26-page complaint in assumpsit naming the School District as defendant. The plaintiffs were all professional employees of the School District, and alleged that their employer had been paying them according to a salary schedule below that mandated by the Public School Code of 1949.[1] The purpose of the suit was to obtain back-pay and other damages allegedly owing to each of the plaintiffs.

Defendant School District filed preliminary objections to the plaintiffs' complaint; however, those objections were overruled, on April 15, 1976. Over a period of several months after the overruling of the defendant's preliminary objections, the plaintiffs consented to about 5 separate written requests by the defendant for extension of time to answer the complaint. Finally, in February 1977, the defendant filed its responsive pleading: a 49-page answer that included 294 paragraphs of new matter and more than 100 exhibits.

After the School District had filed its pleading, the attorneys for the litigants agreed, in writing, to the following: that the plaintiffs had no need to reply to the defendant's new matter, until the attorneys could "exchange various materials and limit the areas of dispute." That agreement was made in July 1977.

As of October 1979, more than 2½ years after the School District had filed its pleading, the plaintiffs had not filed a reply or any other pleading directed to the defendant's new matter. About October 23, 1979, the attorney for the School District contacted the plaintiffs' attorney, to ascertain if the plaintiffs planned to continue with their suit and, if so, when a response to the new matter could be expected. The School District's attorney was informed that the plaintiffs intended to pursue the case. That information

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 *et seq.*

was conveyed by counsel for the plaintiffs three weeks after the attorney for the School District had inquired.[2]

While the lawsuit was still in the described state of procedural abeyance, there occurred on November 19, 1979 a significant legal development. On that date, the Supreme Court of Pennsylvania issued its "prompt-certification" order, also known as the "240-day rule."[3] The Supreme Court's order, or rule, provided in pertinent part as follows:

1. Prompt Certification for Trial

(a) In all civil actions commenced on or before *December 31, 1979,* any and all documents required to signify that the case is ready for trial must be filed on or before *August 31, 1980.*

(b) Prior to the expiration of the period limited in Paragraph (a), *any party may apply for extension of such period.*

(c) If the documents are not filed within the time limits above, the court, with or without motion by any party, *shall require that good cause be shown* why the case should not be dismissed for want of prosecution. (Emphasis added.)

As of September 12, 1980, the plaintiffs still had not responded to the defendant's new matter. There had been no filing of any document to signify that the case was ready for trial; nor had there been any application to extend the time for such a filing. On September 12, 1980, the School District filed a motion with the

---

[2] Counsel for the plaintiffs initially answered the inquiry by stating that he was no longer the attorney in the case but would try to obtain the requested information. When he responded later, on November 15, 1979, he stated that he had been restored to the stewardship of the case, and that the plaintiffs did wish to proceed with the matter.

[3] 486 Pa. XXXVII.

Court of Common Pleas to dismiss the plaintiffs' action. The basis for the dismissal motion was that the plaintiffs had not complied with the Supreme Court's "prompt-certification" order. The Court of Common Pleas issued a rule for the plaintiffs to show cause why their lawsuit should not be dismissed.

In response to the rule to show cause, the plaintiffs filed an answer, on September 22, 1980. The answer alleged that the attorneys for the parties had agreed not to proceed with the litigation until the Supreme Court had rendered its opinion in a certain related case, *Wildrick v. Board of Directors of Sayre Area School District,* 491 Pa. 25, 417 A.2d 617 (1980).[4] The plaintiffs' answer also requested that their attorney be granted an additional 180 days to put the case in readiness for a pretrial conference.

Oral argument on the motion to dismiss was scheduled for and held on December 11, 1980. On the day preceding argument, the plaintiffs filed their reply to the new matter the School District had filed in February 1977. At the argument on the motion to dismiss, the plaintiffs' attorney renewed his previous assertion, that the parties had agreed to postpone the progress of their litigation pending the judicial outcome of the *Wildrick* case. However, the attorney for the School District denied there had ever been an agreement of that kind.[5]

By an order dated December 15, 1980, the lower court directed the plaintiffs to obtain and file a certi-

---

[4] That case had been appealed to the Supreme Court from a decision of the Commonwealth Court, *Wildrick v. Board of Directors of Sayre Area School District,* 27 Pa. Commonwealth Ct. 612, 367 A.2d 768 (1976).

[5] Apparently, if there had been an agreement concerning the *Wildrick* case, such an agreement had not been reduced to writing. Significant in that regard is Pa. R.C.P. No. 201. That Rule, in pertinent part, mandates that any agreement of attorneys concerning the business of the court shall be in writing.

fied copy of the Supreme Court's docket entries for the *Wildrick* case. Those docket entries revealed that the Supreme Court's opinion in *Wildrick* was filed on July 3, 1980, and that reargument was denied on August 15, 1980.[6]

On January 16, 1981, the Court of Common Pleas of Lancaster Couny entered an order granting the defendant's motion to dismiss the plaintiffs' action. Appeal by the plaintiffs followed.

As we have already stated, the lawsuit here in question was commenced in January 1976. Under the Supreme Court's "prompt-certification" order, any civil suit commenced *on or before December 31, 1979* became subject to a given deadline for the filing of documents to signify that the case was ready for trial: that deadline was *August 31, 1980*. In the instant case, that deadline was allowed to expire without any certification of trial-readiness being filed, and without any request for time extension being made. Accordingly, under the Supreme Court's order, the plaintiffs' suit became subject to dismissal, unless they could show good cause why that sanction should not be imposed.

The Court of Common Pleas, per Judge PAUL A. MUELLER, JR., concluded that the plaintiffs had not shown good cause for an avoidance of dismissal. We join in that conclusion. As Judge MUELLER aptly pointed out, even had the parties agreed to await the outcome of the *Wildrick* case, that agreement could not have obstructed the plaintiffs from at least making a timely application for an extension beyond the prescribed deadline. Assuming, for the sake of argument, that the alleged agreement could have justified

---

[6] The Supreme Court's opinion in the *Wildrick* case was not published in the advance sheets until several weeks after the denial of reargument.

extending the August 31, 1980 deadline, the plaintiffs did not even make a timely attempt to obtain a judicial extension on that basis. It was not until September 22, 1980, when the plaintiffs had to respond to the rule to show cause, that they saw fit to ask the court for a time extension.

In our view, the plaintiffs were guilty of total, unjustified noncompliance with the Supreme Court's "prompt-certification" order. The same allegation that was inadequate to excuse that noncompliance, could not serve as a ground for avoiding the sanction precribed. Where a plaintiff has not complied with the "prompt-certification" order, the issue on review of a dismissal is whether the trial court manifestly abused its discretion. *E.g., Johnson v. Keystone Insurance Co.,* Pa. Superior Ct. , 445 A.2d 517 (1982). In the case at bar there was no such abuse.

As a final matter, the plaintiffs argue that the dismissal should be nullified because the Supreme Court, on March 6, 1981, vacated its "prompt-certification" order.[7] We find no merit in this argument; because the vacating order was expressly made to be *effective as of March 6, 1981.* That date was almost 2 months after the plaintiffs' suit was dismissed. There is nothing on the face of the Supreme Court's vacating order to suggest that it was to have retroactive effect.

For the reasons set forth, we affirm the order of the court below.

### ORDER

AND Now, the 18th day of August, 1982, the order of the Court of Common Pleas of Lancaster County, dated January 16, 1981, at No. 211 of January Term 1976, is affirmed.

Judge MENCER did not participate in the decision in this case.

---

[7] 491 Pa. XXXI.