452 A.2d 833

**Evan H. BODEN and Joseph B. Buzard, Appellants,**

**v.**

**Edwin W. TOMPKINS, II.**

Superior Court of Pennsylvania.

Argued March 29, 1982.

Filed Nov. 19, 1982.

George Stenhach, Coudersport, for appellants.

Gordon J. Daghir, St. Marys, for appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

WIEAND, Judge:

In this appeal it is alleged that Pa.R.C.P. 218, the so-called "240 Day Rule",[1] now vacated, was invalid because it consti-

1. The 240 Day Rule was promulgated by the Pennsylvania Supreme Court on November 19, 1979, No. 161 E.D. Misc. Docket and was found as a footnote to Pa.R.Civ.P. 218 (1980 ed.), reprinted in 486 Pa. XXXVII. The 240 Day Rule was vacated by order of the Supreme Court on March 6, 1981, 11 Pa.B. 1015. The 240 Day Rule provided:

IN RE: PROMPT CERTIFICATION FOR TRIAL OF CIVIL CASES ORDER

Effective November 19, 1979

AND NOW, this 19th day of November 1979, effective immediately, pursuant to authority conferred upon the Supreme Court of Pennsylvania by Article V, Section 10 of the Constitution, in order to expedite the prompt and proper movement and disposition of civil cases in the trial courts of Pennsylvania, it is ordered that:

1. Prompt Certification for Trial

(a) In all civil actions commenced on or before December 31, 1979, any and all documents required to signify that the case is ready for trial must be filed on or before August 31, 1980. In civil actions commenced on or after January 1, 1980, such documents must be filed not more than 240 days after the action is commenced.

tuted judicial legislation and was in conflict with Rule 1901 of the Rules of Judicial Administration. We are unable to consider these issues, however, because the appeal was not timely filed and must be quashed.

■ The order dismissing appellants' action was entered on March 2, 1981. A Notice of Appeal was not filed until June 12, 1981, more than three months after the order had been entered. This was untimely. See: Pa.R.A.P. 903(a).

Appellants seek to avoid the thirty day limit on the right of appeal by identifying the order appealed from as that which was entered on May 22, 1981. The latter order, however, merely dismissed an application to reconsider the order entered March 2, 1981.

" 'Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal.' " *Geek v. Smeck,* 275 Pa.Super. 259, 261, 418 A.2d 711, 712 (1980) quoting *Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 202, 378 A.2d 893, 897 (1977), *allocatur denied,* 250 Pa.Super. XXXV (1977). Accord: *Hesson v. Weinrebe,* 288 Pa.Super. 216, 218, 431 A.2d 1015, 1016 (1981); *Grady v. Grady,* 280 Pa.Super. 266, 267, 421 A.2d 715, 716 (1980);

(b) Prior to the expiration of the period limited in Paragraph (a), any party may apply for extension of such period. The application must be served on all other parties and must set forth the grounds for the request and the length of extension required. The court may grant the extension only upon finding good cause. The order of extension, if any, shall set forth the new date for certifying trial readiness, which may be sooner than that requested, but may not be later.

(c) If the documents are not filed within the time limits above, the court, with or without motion by any party, shall require that good cause be shown why the case should not be dismissed for want of prosecution.

(d) For purposes of this order

(i) Documents required to signify that a case is ready for trial include certificates of readiness, praecipe for trial or other writing required by local rule.

(ii) A civil action is commenced when the first praecipe for writ or complaint is filed.

(iii) Notwithstanding any other local rule or practice, civil actions shall be processed under Paragraph (c) in order of their commencement.

*Fingles v. Green,* 269 Pa.Super. 131, 134, 409 A.2d 99, 100 (1979).

■ Moreover, it is well settled that the "mere filing of a petition for reconsideration or rehearing from an order of a Court of Common Pleas does not operate to toll the appeal period." *In re Kemmerer,* 46 Pa.Cmwlth. 455, 456, 405 A.2d 1108, 1109 (1979). Accord: *Erie Human Relations Commission ex rel. Dunson v. Erie Insurance Exchange,* 304 Pa.Super. 172, 450 A.2d 157 (1982); *Penjerdel Refrigeration Corporation, Inc. v. R.A.C.S., Inc.,* 296 Pa.Super. 62, 63, 442 A.2d 296, 297 (1982); *Scoumiou v. United States Steel Corporation,* 293 Pa.Super. 254, 257–259, 438 A.2d 981, 982–983 (1981); *Hesson v. Weinrebe, supra* 288 Pa.Super. at 218, 431 A.2d at 1016; *Fingles v. Green, supra* 269 Pa.Super. at 134–135, 419 A.2d at 101; *Provident National Bank v. Rooklin, supra* 250 Pa.Super. at 197–198, 378 A.2d at 894; Pa.R. A.P. 1701(b)(3).

■ It was the earlier order filed on March 2, 1981 from which the appeal should properly have been taken. An order dismissing a complaint with prejudice ends the litigation, disposes of the entire case and puts the litigant "out of court." Such an order is, therefore, final and appealable. See: *Alessandro v. State Farm Mutual Automobile Insurance Company,* 487 Pa. 274, 279, 409 A.2d 347, 349 (1979); *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 544–545 (1978); *Bagshaw v. Vickers,* 286 Pa.Super. 246, 249, 428 A.2d 664, 666 (1981); *Giannini v. Foy,* 279 Pa.Super. 553, 556, 421 A.2d 338, 339 (1980). See also: *Miller v. Hild,* 303 Pa.Super. 332, 449 A.2d 714 (1982) (appeal from order dismissing case for failure to comply with local "240-Day Rule"); *Johnson v. Keystone Insurance Co.,* 299 Pa.Super. 187, 445 A.2d 517 (1982) (appeal from order dismissing complaint for failure to comply with "240-Day Rule"); *Drakes Mills Development Company v. Northwest Pennsylvania Bank and Trust Company,* 295 Pa.Super. 487, 441 A.2d 1338, (1982) (appeal from order dismissing complaint for failure to comply with "240-Day Rule"); *Shapiro v. Albright,* 287 Pa.Super. 414, 430 A.2d 672 (1981) (appeal from order dismissing complaint for

498

failure to comply with Montgomery County Local Rule 302(d)).

█ In the instant case, appellants did not file an appeal within thirty days of the entry of the order dismissing their complaint with prejudice. Their petition for reconsideration, which did not toll the appeal period, was denied by the lower court. Therefore, we are without jurisdiction to entertain the instant appeal and have no recourse but to quash it.

It is so ordered.