489 A.2d 871

**Harold H. HOGG, Harold H. Hogg, Inc., Clearview Associates, James Hogg and David Hogg, Ruth Hogg and York County Industrial Development Authority, Appellants,**

v.

**GEORYN VENTURES, LTD.**

v.

**KUHN REALTY, INC., Arthur S. Kuhn, Kenneth A. Kuhn and Nancy Kuhn Fodor.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1984.

Filed March 8, 1985.

Petition for Allowance of Appeal Denied Aug. 19, 1985.

Steven M. Carr, York, for appellants.

John H. Chronister, York, for Georyn, appellee.

Before WICKERSHAM, WATKINS and HESTER, JJ.

WICKERSHAM, Judge:

Harold H. Hogg, Harold H. Hogg, Inc., Clearview Associates, James Hogg, David Hogg, Ruth Hogg, and York County Industrial Development Authority appeal from the order of the Court of Common Pleas of York County refusing their request to dismiss the action brought against them by Georyn Ventures, Ltd.

Appellants accurately summarize the procedural history of this case, as follows:

On December [21], 1979, Plaintiff-Appellee Georyn Ventures, Ltd. (hereinafter "Georyn") filed a complaint in assumpsit against Defendants-Appellants Harold H. Hogg, Harold H. Hogg, Inc., Clearview Associates, James Hogg, David Hogg, Ruth Hogg, and York County Industrial Development Authority (hereinafter "Hogg").

On September 18, 1980, Georyn belatedly filed an application for an extension to certify the case for trial under the then-existing Pa. Supreme Court Order regarding prompt certification for trial of civil cases, known as the "240–Day rule," 486 Pa. XXXVI. On September 30, 1980, Defendants filed an answer opposing the application for an extension and further prayed that the complaint be dismissed.

On January 29, 1981, the Honorable Joseph E. Erb refused and denied Georyn's motion for an extension. The Court, however, did not order that the action be dismissed. On February 27, 1981, Georyn filed a notice of appeal to the Superior Court and on March 6, 1981, the Pennsylvania Supreme Court vacated the "240–Day Rule." On April 7, 1981, Judge Erb issued an ex parte order setting aside its January 29, 1981 order in light of the vacation of the '240–Day Rule.'

On May 7, 1981, Hogg, filed a petition reasserting its demand that the complaint be dismissed, which was opposed by Georyn. By order dated June 5, 1981, the Court below again set aside its order of January 29, 1981 and refused to dismiss the action.

On November 4, 1982, Judge Erb, in response to a petition by Defendants, issued a rule to show cause why the action should not be dismissed in light of the Commonwealth Court's decision in *Adams v. Solanco School District*, 68 Pa. [Commw.] 343, 449 A.2d [115] (1982). By an order dated April 7, 1983, the Court denied and refused the request to dismiss the action.

On April 26, 1983, the Court issued an order certifying the case for an interlocutory appeal by permission under 42 Pa.C.S.A. § 702(b). On May 5, 1983, Defendants filed a petition for permission to appeal with the Superior Court, which petition was granted by a per curiam order dated December 6, 1983.

Brief for Appellants at 3–4.

The question before us on appeal is whether the lower court erred in refusing to dismiss appellee's action pursuant

to the 240–Day Rule.[1]   The 240–Day Rule, which was promulgated by the Pennsylvania Supreme Court on November 19, 1979, provided in pertinent part:

### 1.  Prompt Certification for Trial

(a) In all civil actions commenced on or before December 31, 1979, any and all documents required to signify that the case is ready for trial must be filed on or before August 31, 1980.  In civil actions commenced on or after January 1, 1980, such documents must be filed not more than 240 days after the action is commenced.

(b) Prior to the expiration of the period limited in Paragraph (a), any party may apply for extension of such period.  The application must be served on all other parties and must set forth the grounds for the request and the length of extension required.  The court may grant the extension only upon finding good cause.  The order of extension, if any, shall set forth the new date for certifying trial readiness, which may be sooner than that requested, but may not be later.

(c) If the documents are not filed within the time limits above, the court, with or without motion by any party, shall require that good cause by shown why the case should not be dismissed for want of prosecution.

*Reprinted in* 486 Pa. XXXVII.

This rule was vacated by the supreme court on March 6, 1981.

The lower court found that dismissal under the 240–Day Rule required two procedural steps: "First, the Court's being requested to extend the period of time within which to bring an action to trial, and second, the Court's dismissal of

---

**1.** Appellants separate this issue into three distinct questions:
  A.  Whether the Commonwealth Court's decision in *Adams v. Solanco School District* requires a dismissal of Plaintiffs' actions.
  B.  Whether the instant action must be dismissed because of the Plaintiffs' noncompliance with the 240 day rule.  .
  C.  Whether the 240 day [rule] required two procedural steps: first, a ruling on an extension, and second, a ruling on dismissal. Brief for Appellants at 2.

an action for want of prosecution." [2]  Lower ct.op., 4–7–83, at 3.  Instantly, the court refused to extend the period of time within which to certify as ready for trial, but did not dismiss the action.  The plaintiff appealed to our court. While this appeal was pending, the Pennsylvania Supreme Court vacated the 240–Day Rule.  The lower court then held that since the instant action was never dismissed while the 240–Day Rule was in effect, the court does not have authority to dismiss the action now.  We agree.

The 240–Day Rule was a *per se* rule of dismissal giving trial courts the authority to dismiss civil cases upon compliance with the procedure set forth in the rule.  Instantly, the court never dismissed appellee's case pursuant to the rule. Obviously, the court cannot now dismiss the case pursuant to a rule which is no longer in effect.

Appellants argue, however, that *Adams v. Solanco School District*, 68 Pa.Commw. 343, 449 A.2d 115 (1982) is controlling and that appellee's action must be dismissed in accordance with that case.  In *Adams*, the commonwealth court held that the Pennsylvania Supreme Court's order of March 6, 1981 vacating the 240–Day Rule was not to be given retroactive effect.  While we agree with the outcome of the *Adams* case, the decision therein is not applicable to the case at bar.  In *Adams*, the trial court had dismissed the plaintiffs' action prior to the supreme court's order vacating the 240–Day Rule.  Instantly no order of dismissal has ever been entered.  Again, we find that, regardless of what the lower court could have done at an earlier time, the

**2.** Appellants' third issue questions whether such a two step procedure is actually required.  We do not herein decide whether such a procedure was *required* by the rule.  Nevertheless, we find that Judge Erb's interpretation of the requirement of the rule was neither illogical nor unreasonable.  Thus, we find no abuse of discretion in Judge Erb's decision to employ the two-step procedure.  *See Johnson v. Keystone Ins. Co.*, 299 Pa.Super. 187, 445 A.2d 517 (1982) and *Drakes Mills Dev. Co. v. Northwest Pa. Bank & Trust Co.*, 295 Pa.Super. 487, 441 A.2d 1338 (1982), for cases involving review of dismissals on the basis of the 240 Day Rule in which an abuse of discretion standard was applied.

126

court cannot now dismiss appellee's action pursuant to a rule that is no longer in effect.[3]

Order affirmed.

---

**3.** In their brief, appellants argue that the lower court would have dismissed the case while the rule was still in effect if appellee had not filed a premature appeal to this court on February 27, 1981. We note, however, that appellants took no steps to quash the allegedly premature appeal or otherwise request the matter be remanded to the lower court for further proceedings, such as a petition to dismiss. Having failed to take, any steps to challenge appellee's allegedly premature appeal, appellants cannot now complain that the rule was vacated while it allowed the appeal to remain pending.