IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Fullman, :
           Appellant :
            :
          v. :
            : No. 684 C.D. 2021
City of Philadelphia : Submitted: November 4, 2022

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: February 15, 2023

Andrew Fullman (Fullman) appeals *pro se* from the June 14, 2021, order of the Court of Common Pleas of Philadelphia County (trial court) denying his motion for reconsideration of the trial court's May 13, 2021, order dismissing his appeal of two parking tickets. Fullman also seeks *nunc pro tunc* relief to appeal the trial court's May 13, 2021, order. Upon review, we quash the appeal from the trial court's denial of Fullman's motion for reconsideration and deny Fullman's application for *nunc pro tunc* relief from his untimely appeal to this Court.

## I. Factual & Procedural Background

On July 30, 2020, Fullman received a ticket for an expired parking meter with the comment "HP – Timed 1 Hr."[1] Original Record (O.R.) at 28.[2] On August 3, 2020, Fullman received a ticket for parking in a truck loading zone. *Id*. at 27. He appealed these tickets to the Bureau of Administrative Adjudication of the City of Philadelphia (City), and on August 19, 2020, the City issued a letter determination stating that a hearing examiner had upheld the tickets. *Id*. at 37. Fullman appealed, and an appeal panel upheld the tickets in a September 30, 2020, letter determination. *Id*. at 47. He then timely appealed to the trial court. *Id*. at 7.

On April 7, 2021, the trial court issued an order scheduling oral argument on May 13, 2021, at 10:00 a.m. O.R. at 90. Due to the ongoing COVID-19 pandemic, the order stated that the hearing would take place using Zoom videoconferencing and included a link for the "virtual courtroom," a meeting ID number, and a passcode. *Id*. at 90-91. The order instructed participants to request leave to proceed by telephone if they did not have access to Zoom technology, provided a contact email for any questions, and stated "DO NOT REPORT TO CITY HALL IN PERSON." *Id*.

On April 22, 2021, Fullman filed an "emergency motion" asserting that he received the court's scheduling order on April 10, 2021, requesting assistance with Zoom for the hearing, and asking to conduct discovery. O.R. at 95. On the same date, the trial court denied Fullman's motion as to discovery but advised that

---

[1] The Philadelphia Traffic Code allows drivers with a handicapped placard to park for up to one hour in excess of the permitted time without penalty so long as the vehicle is otherwise in compliance with parking restrictions. Phila. Code § 12-1117(2)(a). Presumably, the parking ticket designation was indicating that Fullman's vehicle had exceeded the one-hour grace period for handicapped parking.

[2] Citations to the original record reflect electronic pagination for ease of reference.

2

he could contact the court's tipstaff at a specific phone number for Zoom assistance. *Id*. at 98.

On May 13, 2021, the trial court issued an order dismissing Fullman's appeal because he failed to appear for the Zoom oral argument as scheduled. O.R. at 131. On May 17, 2021, Fullman filed a motion for reconsideration of the court's May 13, 2021, order. *Id*. at 132. He asserted that he had not used Zoom before the hearing and went to City Hall at 9:30 a.m. on that date "seeking assistance" for the scheduled 10:00 a.m. argument. *Id*. at 133-34. He stated that he was not permitted to go up to the physical courtroom, but a security guard helped him download the Zoom application on his phone. *Id*. at 134. He was unable to log into the hearing although he tried for 30 minutes. *Id*. At 10:40 a.m., he called the number provided on the trial court's April 22, 2021, order and spoke with the court's tipstaff, who informed him that the matter had already concluded. *Id*. Fullman stated that he was seeking reconsideration because he was prevented from attending the proceeding for reasons beyond his control. *Id*. at 135.

The trial court denied Fullman's motion for reconsideration in a June 14, 2021, order. O.R. at 147. The order referred to the court's April 7, 2021, scheduling order and noted that Fullman had not called before the hearing date for help as the order directed. *Id*. The court added that Fullman had showed up in person, which was "directly contrary" to the scheduling order. *Id*. The court concluded that Fullman's inability to participate in the proceeding was due to his own "dilatory conduct," and therefore, no basis existed to grant his motion for reconsideration. *Id*.

Fullman did not appeal to this Court from the trial court's May 13, 2021, order. However, on June 17, 2021, he filed a notice of appeal from the trial court's June 14, 2021, order denying his motion for reconsideration. O.R. at 148-

3

52. On June 24, 2021, Fullman filed a second motion with the trial court, in which he sought reconsideration of the June 14, 2021, order denying his initial motion for reconsideration. *Id*. at 153-58. The second motion asserted for the first time that the court's April 7, 2021, scheduling order was confusing and misleading. *Id*. at 155. Fullman also averred for the first time that using videoconferencing is against his religious faith and that he was denied the opportunity to have the argument by telephone. *Id*. He asserted in the filing that he called asking for assistance on "March 00, 2021," (perhaps a typographical error, or at least a date preceding the court's April 7, 2021, scheduling order) and had requested telephone proceedings in writing. *Id*. at 155. A copy of a "request to join via audio" dated May 11, 2021, and citing Fullman's confusion and religious issues, was appended to the motion but showed no filing stamp and is not reflected in the docket. *Id*. at 169. On June 28, 2021, the trial court denied Fullman's second motion for reconsideration. O.R. at 172.

The trial court issued its first opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) on September 21, 2021 (*Trial Court I*). *Id*. at 173-75. The court noted that its denial of Fullman's motion for reconsideration was not reviewable on appeal. *Id*. at 174. The trial court added that Fullman's May 17, 2021, motion for reconsideration had not tolled the 30-day time period to appeal the court's May 13, 2021, order. *Id*. at 175. Therefore, the trial court opined that, to the extent Fullman's June 17, 2021, filing sought to appeal the court's May 13, 2021, order to this Court, it was untimely. *Id*. at 175.

On October 6, 2021, this Court issued an order instructing the parties to address timeliness and appealability in their principal briefs. On October 25, 2021, Fullman filed an application with this Court seeking *nunc pro tunc* relief for his untimely appeal to this Court. He asserted that he had mailed his notice of appeal

of the trial court's May 13, 2021, order on June 2, 2021, but the trial court prothonotary returned it to him as defective over two weeks later; therefore, he was not able to "refile" it until June 17, 2021. He acknowledged that he had made mistakes and typos in the filing and that he had many appeals of parking tickets going on, which he alleged was confusing but also showed that the City's parking department is harassing him. He added that mail delays due to the COVID-19 pandemic were also the cause of his late appeal. On November 19, 2021, this Court remanded the matter to the trial court to take evidence and determine whether a breakdown in the court's process or other circumstances not due to negligence on Fullman's part caused his untimely appeal to this Court. O.R. at 182-83.

After a Zoom hearing on February 3, 2022, the trial court granted Fullman permission to supplement his evidence regarding the timeliness of his appeal to this Court. *Id*. at 189. He did so on February 11, 2022, reiterating that he mailed a notice of appeal of the trial court's May 13, 2021, order to the trial court on June 2, 2021, but it was not returned to him by the trial court's prothonotary as defective for over two weeks, which caused his late appeal to this Court. *Id*. He again acknowledged that he had made mistakes and typos and argued that his many ongoing parking tickets and appeals were not only confusing but also showed that the City's parking department was harassing him. *Id*. at 190.

On February 22, 2022, the trial court issued a supplemental Rule 1925(a) decision (*Trial Court II*). O.R. at 201-03. The court stated that Fullman presented no evidence at the hearing on remand or in his post-hearing submission that warranted *nunc pro tunc* relief of his untimely appeal from the court's May 13, 2021, order. *Id*. at 202.

This matter is now ripe for disposition.

5

## II.  Discussion

At issue in this matter are (1) Fullman's appeal of the trial court's June 14, 2021, order denying his motion for reconsideration of its May 13, 2021, order dismissing his appeal of his parking tickets and (2) his application for *nunc pro tunc* relief of his untimely appeal to this Court from the trial court's May 13, 2021, order.

### A.  Trial Court's Order Denying Motion for Reconsideration

This Court generally cannot review a trial court's order denying a motion for reconsideration.  As we stated in *Thorn v. Newman*, 538 A.2d 105 (Pa. Cmwlth. 1988), our law is "absolutely clear that the refusal of a trial court to reconsider . . . a final decree is not reviewable on appeal."  *Id*. at 108 (quoting *Provident Nat'l Bank v. Rooklin*, 378 A.2d 893, 897 (Pa. Super. 1977) and citing *Boden v. Thompkins*, 452 A.2d 833 (Pa. Super. 1982)). We have continued to adhere to that rule.  *Kohr v. Lower Windsor Twp. Bd. of Supervisors*, 910 A.2d 152, 161-62 & n.16 (Pa. Cmwlth. 2006); *City of Phila. v. Frempong*, 865 A.2d 314, 318-19 (Pa. Cmwlth. 2005); *Commonwealth v. Rachau*, 670 A.2d 731, 734 n.8 (Pa. Cmwlth. 1996); *see also Fullman v. Bureau of Admin. Adjudication* (Pa. Cmwlth., No. 765 C.D. 2021, filed Oct. 18, 2022), slip op. at 3-4, 2022 WL 10218656, at *2 (unreported) (quashing Fullman's appeal of trial court's denial of motion for reconsideration after trial court dismissed Fullman's parking ticket appeal for failing to comply with scheduling order).[3]

Here, Fullman seeks to appeal the trial court's June 14, 2021, order denying his motion for reconsideration of the court's May 13, 2021, dismissal of his

---

[3] Unreported memorandum opinions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

appeal of his parking tickets for failing to appear on that date for the Zoom hearing as directed in the court's scheduling order. The trial court correctly stated in *Trial Court I* that orders denying reconsideration are not appealable. O.R. at 174. Although this Court's October 6, 2021, order instructed Fullman to address appealability, he did not do so in his brief to this Court, which only argues the underlying merits of his parking ticket appeal. *See* Fullman's Br. Thus, Fullman has failed to point to any facts or legal principles that would allow this Court to disregard our precedent and review his appeal of the trial court's June 14, 2021, denial of his motion for reconsideration. *See Fullman*, slip op. at 4, 2022 WL 10218656, at *2.

Accordingly, Fullman's appeal must be quashed because it was taken from the trial court's nonreviewable order denying his motion for reconsideration.

## B. *Nunc Pro Tunc* Relief

An appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting extension of an appeal deadline. *Martin v. Zoning Hearing Bd. of W. Vincent*, 230 A.3d 540, 547 (Pa. Cmwlth. 2020). It is "a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Id.* It may be granted where the appellant shows "fraud or a breakdown in the court's operations." *Id.* There is a breakdown in the court's operations where the court or one of its officers or staff is "negligent, acts improperly or unintentionally misleads a party." *Id.* An appeal *nunc pro tunc* may also be granted if the appellant shows that the delay in filing the appeal was not due to his own negligence. *Borough of Duncansville v. Beard*, 919 A.2d 327, 330 (Pa. Cmwlth. 2007).

7

In this context, filing a motion for reconsideration will not toll the 30-day appeal period. *Duncansville*, 919 A.2d at 330. Confusion on the part of the appellant that cannot be attributed to the court's actions is not a valid basis for *nunc pro tunc* relief. *Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 129 A.3d 597, 602 (Pa. Cmwlth. 2015). An appellant's *pro se* status likewise will not excuse failure to comply with judicial rules such as those requiring a timely appeal. *See Green v. Harmony House N. 15th St. Hous. Ass'n, Inc.*, 684 A.2d 1112, 1114-15 (Pa. Cmwlth. 1996).

Here, the trial court's order dismissing Fullman's appeal of his parking tickets because he failed to appear at the Zoom proceeding was issued on May 13, 2021. O.R. at 131. Although Fullman sought the trial court's reconsideration of that order within 30 days, he did not also appeal it to this Court within 30 days. *See id*. at 132. In his October 2021 application to this Court for *nunc pro tunc* relief, he asserted that he had mailed his notice of appeal of the May 13, 2021, order on June 2, 2021, but that the trial court prothonotary returned it to him as defective over two weeks later, and therefore, he was not able to "refile" it until June 17, 2021. He maintained that the trial court's delay in returning his notice of appeal to him was the cause of his late appeal to this Court, along with mail delays due to the COVID-19 pandemic.

In *Trial Court II*, the trial court explained that it held a hearing on the timeliness of Fullman's appeal in February 2022, after this Court's remand. O.R. at 201. The trial court's records officer testified that the court had Fullman's correct contact information for notices and orders and that the court had no issues with its filing system in May or June 2021. *Id*. at 202. Fullman presented no evidence that he received the court's May 13, 2021, dismissal order late or that any breakdown in its processes occurred. *Id*. The trial court noted Fullman's assertion of confusion

8

over the various matters he had before the court and his irrelevant argument that a filing system outage sustained by the trial court in the summer of 2019 was the cause of his failure to timely appeal the court's May 2021 order. *Id*. The trial court concluded that Fullman's arguments amounted only to an unsupported allegation that he received the court's May 2021 order too late to file a timely appeal. *Id*.

Fullman did not address the untimeliness of his appeal in his principal brief although this Court instructed him to do so in its October 6, 2021, order. *See generally* Fullman's Br. Thus, he has failed to offer any excuse for his late appeal. Further, Fullman's argument to the trial court that he received the trial court's May 13, 2021, order too late to file a timely appeal fails in light of his May 17, 2021, filing of his motion to ask the trial court for reconsideration of the order. O.R. at 132. In addition, his argument to the trial court that the court's filing system outage in the summer of 2019 caused his untimely appeal is, as the trial court concluded, irrelevant.

We also observe that when this Court remanded to the trial court for a hearing on the timeliness of his appeal, Fullman had the opportunity to present evidence, such as copies of mailing receipts or postmarked envelopes, that he had indeed timely mailed his notice of appeal of the trial court's May 13, 2021, order on June 2, 2021, and that the trial court prothonotary returned it to him as defective over two weeks later, rendering him unable to "refile" the appeal until June 17, 2021. He also had an opportunity to present evidence that a pandemic-related mail delay was the cause of his untimely filing. He did neither.

Similarly, Fullman's post-hearing submission merely reiterated his bare allegations that pandemic mail delays and the trial court prothonotary's delay in advising him of a defect in his purported June 2, 2021, notice of appeal of the trial court's May 13, 2021, order hindered him filing the notice of appeal. O.R. at 189-

9

90. His attachments to that filing included a copy of his June 17, 2021, notice of appeal of the trial court's June 14, 2021, order denying reconsideration, along with a copy of the June 17, 2021, cover sheet for that document; an August 10, 2021, request for transcript of the May 2021 Zoom proceeding in which Fullman did not participate; and a screen shot of his Gmail inbox showing a filing occurred on May 17, 2021, which was the date he filed his motion for reconsideration of the trial court's May 13, 2021, order. None of the attachments provided either support for a timely appeal or an excuse for an untimely appeal.

Moreover, the trial court's docket shows only Fullman's May 17, 2021, motion for reconsideration, the court's June 14, 2021, order denying that motion, and Fullman's June 17, 2021, notice of appeal of that order (discussed above in Section A). O.R. at 209-10. Despite Fullman's assertion that he initially filed his notice of appeal of the May 13, 2021, order on June 2, 2021, then refiled it on June 17, 2021, the docket reflects only his June 17, 2021, motion for reconsideration and does not indicate that an appeal of the May 13, 2021, order itself was ever filed. Neither a defective appeal on June 2, 2021, nor an untimely appeal on June 17, 2021, appears on the trial court's docket.

Finally, Fullman candidly admits to confusion over the various parking ticket matters he has before the trial court, but any such confusion cannot be attributed to the trial court's actions in this matter and does not constitute a basis for *nunc pro tunc* relief, just as Fullman's *pro se* status does not excuse him from compliance with judicial rules requiring timely appeals. *See Williamson*; *Green*.

Accordingly, Fullman's application for *nunc pro tunc* relief is denied.

_____
CHRISTINE FIZZANO CANNON, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Fullman,
                 Appellant

      v.

City of Philadelphia

:
:
:
:
:
:  No. 684 C.D. 2021
:
:

## O R D E R

AND NOW, this 15th day of February, 2023, Appellant Andrew Fullman's appeal from the June 14, 2021, order of the Court of Common Pleas of Philadelphia County denying his motion for reconsideration is QUASHED. Appellant's application to this Court for *nunc pro tunc* relief restoring his otherwise untimely appeal of the trial court's May 13, 2021, order dismissing his appeal of his parking tickets is DENIED.

_____
CHRISTINE FIZZANO CANNON, Judge