538 A.2d 105

Joseph Thorn, individually and as Mayor of Morton Borough et al., Appellants *v.* Leon Newman and Donna Newman, Appellees.

Argued December 15, 1987, before Judges CRAIG and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Maria Zulick, Marshall, Dennehey, Warner, Coleman and Goggin,* for appellants.

*Jon J. Auritt, Auritt & Daly,* for appellees.

Opinion by Judge Craig, February 24, 1988:

This case is here by transfer from the Superior Court. In *Newman v. Thorn*, 359 Pa. Superior Ct. 274, 518 A.2d 1231 (1986), that court concluded that this case raises issues principally relating to the defense of governmental immunity, which the legislature has committed to the jurisdiction of the Commonwealth Court. *See* 42 Pa. C. S. §762(a)(7).

The plaintiffs in this case, appellees here, are Leon Newman, a former police officer for the Borough of Morton, and his wife, Donna Newman. The defendants, appellants, are Joseph T. Thorn, Mayor of the Borough of Morton, and Judith B. Bechtel, James McCaffrey, Joseph Savukinas, George Dickerson, and Paul Lytle, members of the borough council.

On February 16, 1983, the mayor suspended Leon Newman from his position as a police officer for the borough. The members of the borough council voted on March 9, 1983, to discharge Mr. Newman. On appeal, the borough's civil service commission, after hearings, decided to uphold Mr. Newman's discharge. The Delaware County Court of Common Pleas quashed as untimely Mr. Newman's appeal from the decision of the civil service commission.

While the matter was pending before the borough's civil service commission, Leon and Donna Newman brought this separate action in the court of common pleas. The plaintiffs' amended complaint alleges that the mayor and the members of council (and later the members of the civil service commission) by seeking or approving Mr. Newman's discharge, intended to retaliate against Mr. Newman and to defame him for, among other things, his proper union-related activities, his work in seeking to preserve the police department when the mayor and council were considering disbanding it, his refusal to "fix" traffic tickets, and his providing

information to the Delaware County District Attorney's Office pertaining to allegations of illegal conduct by certain Morton public officials. The Newmans also allege that the defendants either engaged in or condoned other "malicious" conduct, including an intrusive investigation of the Newmans' private affairs by the mayor. For each of these separate incidents of alleged wrongdoing, the Newmans seek relief on both tort and federal civil rights theories.

The defendants filed a motion for summary judgment at the close of the pleadings, advancing the argument, among others, that employees of local government units, including elected officials, have immunity from civil damages actions under certain provisions of what was formerly known as the Political Subdivision Tort Claims Act.[1] On November 22, 1985, the trial court granted the defendants' motion for summary judgment "to the extent of the . . . claim relating to the dismissal of Mr. Newman."

On December 9, 1985, the plaintiffs filed an application for reconsideration of the grant of summary judgment, and on the same day the court issued an order vacating the grant of summary judgment and ordering the parties to complete discovery within sixty days. That order was entered on December 11, 1985.

The defendants did not file a notice of appeal from the December 9 order at that time. However, the defendants immediately moved to strike the plaintiffs' motion for reconsideration of the November 22 order, and they moved for reconsideration of the December 9 order. By order dated January 2, 1986, the trial court denied both defendants' motion to strike and their sepa-

---

[1] The current codification of provisions relating to governmental immunity is found at sections 8541-8542 of the Judicial Code, 42 Pa. C. S. §§8541-8542.

rate motion for reconsideration of the December 9 order. On January 7, 1986, the defendants filed a notice of appeal to the Superior Court from the January 2, 1986, order denying their motion to strike and their motion for reconsideration. Roughly six months later, on June 2, 1986, the defendants filed an "Amended Notice of Appeal" stating that the defendants appealed from the order entered on December 11, 1985, vacating the summary judgment. The plaintiffs aver in their brief that they never received notice of the defendants' June 2, 1986, filing, and that they became aware of it for the first time in the brief and record filed before this court.

The Superior Court, after stating in general terms that the defendants had filed a timely appeal of the trial court's order vacating the grant of summary judgment,[2] proceeded to consider the issue of the appealability of that order, concluding that the order was appealable. The Superior Court then transferred the case to this court for the reasons outlined above.

## 1. Appealability of the Order Vacating a Grant of Summary Judgment

We agree with the Superior Court that an order vacating a grant of summary judgment is immediately appealable. Although our Supreme Court has held that the *denial* of summary judgment is interlocutory and not appealable, *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.*, 482 Pa. 615, 621, 394 A.2d 491, 494 (1978), an order *vacating a grant of summary judgment* is appealable because it falls within the specific

---

[2] The Superior Court's general reference to a timely appeal does not appear to be a holding as to timeliness, which was not then at issue. As noted below, this court cannot avoid considering and resolving the timeliness question, which is a jurisdictional issue.

exception providing for appeal of certain interlocutory orders as of right created by Pa. R.A.P. 311(a)(1):

> (a) *General rule.* Except as otherwise prescribed by general rule, an appeal may be taken as of right from:
>
> (1) *Affecting judgments. An order* opening, *vacating* or striking off *a judgment,* or refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief. (Emphasis added.)

*See Nordmann v. Commonwealth,* 79 Pa. Commonwealth Ct. 187, 190 n.1, 468 A.2d 1173, 1174 n.1 (1983), *Hunter v. Employers Insurance of Wausau,* 347 Pa. Superior Ct. 227, 500 A.2d 490 (1985).

## 2. *Timeliness of this Appeal as to the Order Vacating Summary Judgment*

Plaintiffs, as appellees, contend that the appeal before us should be quashed because it was not timely filed. The timeliness of an appeal is jurisdictional, and the issue of timeliness may be raised, even sua sponte, at any stage of the proceedings. An untimely appeal must be quashed absent a showing of fraud or a breakdown in the court's operation. *Altieri v. Pennsylvania Board of Probation and Parole,* 88 Pa. Commonwealth Ct. 592, 495 A.2d 213 (1985).

As authorized by 42 Pa. C. S. §5571(a), Pa. R.A.P. 903(a) prescribes the time for filing an appeal generally:

> (a) *General rule.* Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.[3]

---

[3] We note further that the comment to Pa. R.A.P. 903(a) states that, where an appeal is taken under Pa. R.A.P. 311 (interlocutory

As noted above, the defendants here never filed a notice of appeal, as such, from the December 9, 1985, order vacating the summary judgment. The defendants did file a notice of appeal from the order of January 2, 1986, which denied reconsideration of the December 9 order. Also, on June 2, 1986, some six months after the order vacating summary judgment, the defendants filed a document headed "Amended Notice of Appeal" stating that the defendants "hereby appeal the Order entered on December 11, 1985 of the Court of Common Pleas of Delaware County."

We, like the plaintiffs, are aware of no authorization in Pennsylvania law that permits a party to file an "amended" notice of appeal months after the filing of an initial notice of appeal, for the purpose of effectuating an appeal from an order different from, and dated earlier than, the order noted originally. Because the defendants never filed a timely notice of appeal from the December 9, 1985, order vacating the grant of summary judgment, their appeal from that order is not properly before us and hence must be quashed.

3. *Appealability of the Order Denying Reconsideration*

As to the effect of the defendants' appeal from the January 2, 1986, order denying reconsideration, the holding of the Superior Court in *Provident National Bank v. Rooklin*, 250 Pa. Superior Ct. 194, 378 A.2d 893 (1977), on the similar issue presented in that case, is dispositive:

---

appeals as of right), unless an extension to plead is obtained, it will, as a practical matter, continue to be necessary to take the appeal within the twenty-day pleading period specified in Pa. R.C.P. No. 1026.

Appellant has appealed from the order denying his petition for reconsideration. Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal. We will not permit appellant to do indirectly that which he cannot do directly.

*Rooklin,* 250 Pa. Superior Ct. at 202, 378 A.2d at 897 (citations omitted). *See also Boden v. Thompkins,* 306 Pa. Superior Ct. 494, 452 A.2d 833 (1982).[4]

## Conclusion

Thus, this proceeding involved either an untimely appeal of an appealable order vacating summary judgment, or an attempted appeal of a nonappealable order denying reconsideration. By either description, the appeal must be quashed.

## . ORDER

NOW, February 24, 1988, this appeal, relating to the orders of the Court of Common Pleas of Delaware County, at No. 84-374, dated December 9, 1985, and January 2, 1986, is quashed.

---

[4] As the Superior Court noted in *Rooklin,* and as the comment to Pa. R.A.P. 1701(b)(3) expressly states, a party seeking reconsideration of an appealable order may file a notice of appeal as well as the application for reconsideration, in view of the point that the mere *filing* of an application for reconsideration has no effect on the running of the appeal period. If the trial court denies the application (or fails to rule on it during the appeal period), then the notice of appeal will nevertheless be timely.