IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
   :
        v.             :    No. 1406 C.D. 2019
   :    Submitted: April 17, 2020
267 Linden St LLC,          :
               Appellant    :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT           FILED: September 9, 2020

      267 Linden St LLC (Property Owner), *pro se*, appeals two orders of the Court of Common Pleas of Berks County (trial court). The first dismissed its summary appeal as untimely, and the second scheduled a hearing to assess costs upon Property Owner as a result of its summary appeal.[1] We quash Property Owner's appeal of both orders.

      Property Owner owns a property located at 807 Greenwich Street in the City of Reading. Between April 2018 and July 2018, the City issued several citations to Property Owner for the conditions of the Greenwich Street property. On January 24, 2019, the magisterial district judge found Property Owner guilty of four summary offenses for violating the Property Maintenance Code of the City of Reading, Pennsylvania (Property Code), and imposed a fine, restitution, and costs. Property Owner appealed to the trial court.

---

[1] Neither the City of Reading nor the Commonwealth of Pennsylvania has filed a brief.

The trial court scheduled a hearing for May 10, 2019. When Property Owner did not appear at the hearing, the trial court dismissed its appeal pursuant to Pennsylvania Rule of Criminal Procedure 462(D).[2] Reproduced Record at 77, 79, 81 and 83 (R.R. __). The trial court entered judgment on each of the four citations and sentenced Property Owner to pay a fine, summary appeal costs, and all applicable fees. *Id.* at 78, 80, 82, and 84.

Thereafter, Property Owner filed various motions with the trial court, which the trial court did not address because it had dismissed Property Owner's summary appeal. On June 7, 2019, the trial court issued an order scheduling a hearing to assess costs against Property Owner for its summary appeal. On June 13, 2019, Property Owner filed a notice of appeal from the June 7, 2019, order to the Pennsylvania Superior Court. By order filed August 27, 2019, the Superior Court transferred the matter to this Court.

---

[2] The rule provides:

> (D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

PA. R. CRIM. P. 462(D).

On appeal, Property Owner raises 28 issues[3] relating to the proceedings before the magisterial district judge and trial court.[4] On October 19, 2019, this Court issued an order stating, in pertinent part, as follows:

---

[3] Property Owner raises the following issues:

1. Whether all Pennsylvania Judges, the [City] and all its employees are mandated to adhere to the provisions of the 1874 Pennsylvania Constitution.
2. Whether personal subject matter jurisdiction was proven for the record and not presumed.
3. Whether subject matter jurisdiction was proven for the record and not presumed.
4. Whether Magistrate [sic] District Court 23-2-02 (West Reading) was the proper venue for the [t]rial.
5. Whether the [City] has stated a claim upon which relief can be granted.
6. Whether the [City] was actually injured and adversely affected or assumed to be adversely affected.
7. Whether [Property Owner] received due process of law due after being subjected to no corpus delicti; no witness; illegal search; denial of trial by jury; no open court.
8. Whether Judge Erick Taylor violated [Property Owner's] right to due process by not dismissing the case whether [sic] the complainant and main witness, Inspector Imbesi, failed to show up for trial.
9. Whether the remaining 4 citations were [served] upon [Property Owner] as prescribed by law.
10. Whether the [City's] Property Maintenance Division has failed to state a claim upon which relief can be granted[.]
11. Whether Judge Kyley Scott and/or Judge Erick Taylor['s] denial of [Property Owner's] unalienable right to [t]rial by [j]ury [sic] constitutional[.]
12. Whether the warrantless search of [Property Owner's] property (as made evident in the images provided by the Property Maintenance Division) was lawful.
13. If searches … were unlawful, whether the citations have legal merit and standing.
14. Whether the [City's] Property Maintenance Division['s] fines for not complying with illegal searches [sic] constitutional and/or violate the Unconstitutional Conditions Doctrine.
15. Whether or not Judge [Paul] Yatron's denial of an open court lawful [sic].
16. Whether or not Judge Yatron's ruling was lawful irrespective of [Property Owner's] Constitutional Challenge to Statute and Motion to Intervene.

> [I]t appears that [Property Owner] filed a June 13, 2019 notice of appeal from a June 7, 2019 post-sentence, non-final order of the Court of Common Pleas of Berks County (trial court). The June 7, 2019 order set a hearing date to assess costs against [Property Owner] in a summary appeal. The June 7, 2019 order, therefore, is not a final order subject to appeal.

17. Whether or not Judge Erick Taylor and Judge Paul Yatron suspending the provisions of the 1874 Pennsylvania Constitution while handling our case in their courts [sic] lawful.

18. Whether the Property Maintenance Division violated [Property Owner's] right to be free from excessive fines and putting [Property Owner] twice in jeopardy by citing [Property Owner] for the same alleged crime two times on the same day.

19. Whether or not the [Property Code is an] ex post facto law.

20. Whether or not the [Property Code was] passed through the General Assembly.

21. If yes (#20), considering Article 3[,] Section 7 of the 1874 Pennsylvania Constitution (Limitations on special legislation), was it lawful to do so.

22. Whether the [City's] act of subjecting [Property Owner's] private property to public use without compensation, consent, and authority of law [sic] lawful.

23. Whether all the provision[s] within [the] 1874 Pennsylvania Constitution [sic] accepted by the powers of government as mentioned in Article I[,] Section 26.

24. Whether the [City's] Property Maintenance Division's involvement and request for retribution for unsolicited work done by an unofficious third party intermeddler, whom [Property Owner had] no contract with, [sic] unlawful.

25. Whether Judge Yatron's denial of [Property Owner's] motion to be heard [sic] lawful.

26. Whether Judge Yatron's denial Motion to Intervene [sic] lawful.

27. Whether Judge Yatron's denial of right to challenge constitutionality of a statute [sic] lawful[.]

28. Whether Judge Yatron's order to [Property Owner] to file a Statement of Errors into the docket [sic] being sent 3 days after it was entered into docket a violation of [Property Owner's] unalienable right to speedy trial, due service of process and of [18 U.S.C. §1341]….

Property Owner's Brief at 10-14.

[4] It merits mentioning that Property Owner's 51-page *pro se* brief is difficult to read, often rambling and repetitive, and fails to focus on any specific error allegedly committed by the trial court with regard to scheduling a hearing on costs. Although this Court construes briefs filed by *pro se* litigants liberally, "*pro se* status confers no special benefit upon the appellant." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005).

4

It further appears that the trial court issued a May 10, 2019 order sentencing [Property Owner] to pay a $100 fine and dismissing [its] summary appeal for failure to appear. To the extent that the June 13, 2019 notice of appeal may be taken from the trial court's May 10, 2019 order, the appeal appears to be untimely.

Accordingly, the parties shall address the appealability of the trial court's order as to timeliness and appealability of a non-final order in their principal briefs on the merits or other appropriate motion.

Order, 10/19/2019, at 1 (Covey, J.). Before addressing the merits of Property Owner's appeal, we address the jurisdictional questions raised in this Court's October 19, 2019, order.

Rule 341(a) of the Pennsylvania Rules of Appellate Procedure states that "an appeal may be taken as of right from any final order of a government unit or trial court." PA. R.A.P. 341(a). A final order is one that "disposes of all claims and all parties" or "is certified as a final order" by a trial court pursuant to [Rule] 341(c).[5] PA. R.A.P. 341(b). "The purpose of limiting appellate review to a final order is 'to prevent piecemeal determinations and the consequent protraction of litigation.'" *In re First Baptist Church of Spring Mill*, 22 A.3d 1091, 1095 (Pa.

---

[5] Rule 341(c) states, in pertinent part, as follows:

(c) Determination of finality.--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

PA. R.A.P. 341(c).

Cmwlth. 2011) (quoting *Hionis v. Concord Township*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009)).

At issue here is the trial court's order of June 7, 2019, which scheduled a hearing on summary appeal costs. There has been no ruling on the merits because the order in question did not put Property Owner "out of court"; the trial court's order is not final but interlocutory.

An appellate court may, under certain circumstances, entertain an appeal from an interlocutory order taken either as a matter of right, PA. R.A.P. 311,[6]

---

[6] This rule states, in pertinent part, as follows:

(a) General rule.--An appeal may be taken as of right and without reference to Pa. R.A.P. 341(c) from:

(1) *Affecting judgments*.--An order refusing to open, vacate, or strike off a judgment….

(2) *Attachments, etc*.--An order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property, except for orders pursuant to 23 Pa. C.S. §§3323(f), 3505(a).

(3) *Change of criminal venue or venire.*--An order changing venue or venire in a criminal proceeding.

(4) *Injunctions.*--An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:

(i) Pursuant to 23 Pa. C.S. §§3323(f), 3505(a); or

(ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

(5) *Peremptory judgment in mandamus*.--An order granting peremptory judgment in mandamus.

(6) *New trials*.--An order in a civil action or proceeding awarding a new trial, or an order in a criminal proceeding awarding a new trial

6

or by permission, PA. R.A.P. 312,[7] 1311.[8]    Additionally, Rule 313(a) of the Pennsylvania Rules of Appellate Procedure provides that an appeal may be taken as of right from a collateral order.  PA. R.A.P. 313(a).

Property Owner does not contend that the trial court's June 7, 2019, order falls into the category of interlocutory orders that are appealable as of right under Rule 311, and Property Owner did not petition for permission to appeal pursuant to Rules 312 and 1311.  Thus, we consider whether the order is an appealable collateral order.

A collateral order is: (1) separable from and collateral to the main cause of action, (2) involves a right too important to be denied review, and (3) presents a claim that will be lost if review is postponed until final judgment in the case.  PA. R.A.P. 313(b).  Each element must be satisfied before the order in question can be considered collateral.  *Gerold v. Vehling*, 89 A.3d 767, 770 (Pa. Cmwlth. 2014).

---

where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the trial court committed an error of law.

(7)    *Partition.*--An order directing partition.

(8)    *Other cases.*--An order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties.

PA. R.A.P. 311(a).

[7] Rule 312 states that "[a]n appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission)."  PA. R.A.P. 312.

[8] Chapter 13 establishes the procedure for perfecting interlocutory appeals by permission. Specifically, it requires the interlocutory order to contain the statement "prescribed by 42 Pa. C.S. §702(b)."  PA. R.A.P. 1311(b).  The order must contain the statement that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter[.]"  42 Pa. C.S. §702(b).  If the interlocutory order is amended to add this statement, then a petition for permission to appeal must be filed with the prothonotary of the appellate court within 30 days after entry of the order.  PA. R.A.P. 1311(b).

Further, the collateral order rule is to be applied narrowly, inasmuch as it is an exception to the rule of finality. *Id.* The trial court's June 7, 2019, order scheduling a hearing does not satisfy any of Rule 313's three criteria.

In sum, Property Owner's appeal of the trial court's order scheduling a hearing on costs is premature. Until the trial court enters an order imposing costs, there is nothing to appeal.

With regard to Property Owner's challenge to the trial court's May 10, 2019, order dismissing its summary appeal, Property Owner's appeal was not timely filed. Pennsylvania Rule of Appellate Procedure 903(a) states that a notice of appeal must be filed "within 30 days after the entry of the order from which the appeal is taken." PA. R.A.P. 903(a). Timeliness of an appeal is jurisdictional, and the issue of timeliness may be raised *sua sponte* at any stage of the proceedings. *Thorn v. Newman*, 538 A.2d 105, 107 (Pa. Cmwlth. 1988). An untimely appeal must be quashed absent a showing of fraud or a breakdown in the court's operation. *Id.*

The 30-day appeal period for appealing the trial court's final order of May 10, 2019, expired on June 10, 2019. PA. R.A.P. 903(a). Property Owner filed its notice of appeal on June 13, 2019, and its brief does not address this issue, in spite of this Court's directive to do so in its order of October 19, 2019. Further, we discern no extraordinary circumstances, such as fraud or a breakdown in the court's operation, that might excuse Property Owner's untimely filing of its appeal to this Court.

For these reasons, this Court lacks jurisdiction over Property Owner's appeal of the trial court's orders of May 10, 2019, and June 7, 2019. Therefore, we quash the appeal.

_____
MARY HANNAH LEAVITT, President Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
        :
      v.                :    No. 1406 C.D. 2019
        :
267 Linden St LLC,          :
             Appellant    :

## **O R D E R**

AND NOW, this 9th day of September, 2020, 267 Linden St LLC's appeal is QUASHED.

_____
MARY HANNAH LEAVITT, President Judge