IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Phillip Quinn,
              Appellant

           v.

John E. Wetzel, Secretary of
Department of Corrections,
Accreditation, Audit and Risk
Management Security, LLC
("AARMS")

:
:
:
:
:  No. 1232 C.D. 2020
:  SUBMITTED: April 1, 2021
:
:
:
:
:
:

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                        FILED: May 17, 2021

Appellant Phillip Quinn, an inmate currently incarcerated within our Commonwealth's state prison system, appeals from the Court of Common Pleas of Schuylkill County's (Trial Court) April 6, 2020 order, through which the Trial Court denied Quinn's Application for Leave to Proceed *In Forma Pauperis* regarding Quinn's legal action against Appellees John E. Wetzel, Secretary of Department of Corrections, and Accreditation, Audit and Risk Management Security, LLC ("AARMS"). Upon review, we quash Quinn's appeal as both untimely and procedurally improper.

## I. Facts and Procedural History

In his Complaint, Quinn described his cause of action in the following manner: AARMS is a "vendor [which] provides an online system to conduct, manage, and track audits and inspections related to its accredi[t]ation and internal operations, [which was] contracted by . . . Wetzel to protect and manage the . . .

personal information of . . . inmates [held by the Department.]" Compl. at 1.[1] At an unspecified point in time, an unidentified individual or individuals hacked into the AARMS database where this information was stored and downloaded some portion of the data contained therein. *Id.* AARMS notified the Department of this security breach on April 8, 2018, so that the Department could inform affected inmates that their personal information had been compromised. *Id.* at 2.

On July 19, 2018, Quinn received a letter from the Department, signed by Wetzel, informing him that he was one of the inmates who had been impacted by this breach, as well as that the Department would provide him with a year's worth of credit monitoring and identification protection services through MYIDCARE, a third-party vendor. *Id.* Quinn was required to contact MYIDCARE via telephone, in order to avail himself of these services, but according to Quinn, he was stymied from successfully doing so by the Department's limitations on the length of phone calls, as well as by the collective bureaucratic intransigence of the Department, the Federal Trade Commission, and Equifax. *Id.* at 2-4. Quinn also filed an inmate grievance against AARMS, the Department, and Wetzel, regarding the theft of his personal information and the Department's transfer of that information to AARMS without his consent. This grievance was denied, as were Quinn's administrative appeals of that denial. *Id.* at 3. Finally, Quinn asked his housing unit's counselor to help him obtain his credit report, but his request was denied, due to a policy in place at the State Correctional Institution at Frackville, where Quinn was at that point incarcerated, barring staff from assisting inmates with that sort of effort. *Id.* at 3-4.

---

[1] Quinn did not number the pages of his complaint, nor did he use consistently sequential paragraph numbering throughout. Nevertheless, for simplicity's sake, we will cite to the complaint using page numbers, *e.g.*, the third page of Quinn's complaint would be cited as "Compl. at 3."

2

On October 3, 2019, Quinn filed suit in the Trial Court against Wetzel and AARMS. Therein, Quinn set forth a confusing jumble of legal claims based on Pennsylvania and federal law, as well as the Pennsylvania and United States Constitutions, all of which related to the dissemination and theft of Quinn's personal information. *See* Compl. at 5-6. Quinn requested monetary damages as a remedy for these putative violations of his rights. *Id.* at 6-7. Along with his Complaint, Quinn submitted an Application for Leave to Proceed *In Forma Pauperis*. On October 9, 2019, the Trial Court *sua sponte* dismissed Quinn's Complaint as frivolous, pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1).[2] Trial Ct. Order, Oct. 9, 2019, at 1-2.

Quinn then appealed the Trial Court's October 9, 2019 order (First Appeal) to the Superior Court on October 28, 2019, which subsequently transferred it to our Court on December 11, 2019. *Quinn v. Wetzel* (Pa. Super., No. 1797 MDA 2019, Order, filed Dec. 11, 2019), at 1. On February 26, 2020, we mailed Quinn a Defect Correction Notice, through which we informed him that he was required to either pay $50 for the transfer of his First Appeal to our Court, or submit an Application for Leave to Proceed *In Forma Pauperis*. *Quinn v. Wetzel* (Pa. Cmwlth., No. 41 C.D. 2020, Defect Correction Notice, filed Feb. 26, 2020), at 1. Quinn, however, did not respond and, as a result, we dismissed the First Appeal on May 4, 2020, due to his failure to comply with the Defect Correction Notice. *Id.*, Order, May 4, 2020, at 1.

While this sequence of events was transpiring in relation to his First Appeal, Quinn sent another Application for Leave to Proceed *In Forma Pauperis* to the Trial

---

[2] This rule states: "If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous." Pa. R.C.P. No. 240(j)(1).

Court in March 2020, which the Trial Court denied on April 6, 2020. Trial Ct. Order, Apr. 6, 2020, at 1-2.[3] Quinn then appealed this ruling (Second Appeal) in late April 2020.[4] The Trial Court's prothonotary eventually transmitted Quinn's Second Appeal to the Superior Court, which docketed it on August 31, 2020. As with Quinn's First Appeal, the Superior Court determined it did not have jurisdiction to consider the matter and, on October 15, 2020, transferred Quinn's Second Appeal to our Court. *Quinn v. Wetzel* (Pa. Super., No. 1107 MDA 2020, Order, filed Oct. 15, 2020), at 1. This Second Appeal is the one which is currently before us, awaiting disposition.

## II. Discussion

Under other circumstances, we would consider the substantive merits of Quinn's appellate arguments. However, we are without jurisdiction to do so, due to the untimeliness and procedural impropriety of Quinn's Second Appeal. Per the Pennsylvania Rules of Appellate Procedure, a litigant has the right to appeal a final order, *i.e.*, one which "disposes of all claims and of all parties[.]" Pa. R.A.P. 341(a), (b)(1). This right is not unfettered, however, as a litigant must file such an appeal within 30 days of that order's entry. Pa. R.A.P. 903(a).[5] If a litigant files their appeal after this time window has lapsed, we are deprived of jurisdiction and, "absent a showing of fraud or a breakdown in the court's operation[,]" must consequently

---

[3] *See* Pa. R.A.P. 1701(b)-(b)(1) ("After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may . . . grant leave to appeal *in forma pauperis*[.]").

[4] Quinn's Second Appeal is dated April 22, 2020, but the record does not include any evidence firmly establishing precisely when it was mailed. The record does reflect, however, that the Trial Court docketed Quinn's Second Appeal on May 1, 2020.

[5] There are a handful of exceptions that alter the appeal window for certain situations, but they are not relevant to this matter. *See* Pa. R.A.P. 903(b)-(c).

4

quash it. *Thorn v. Newman*, 538 A.2d 105, 107 (Pa. Cmwlth. 1988). Furthermore, given that "[t]he timeliness of an appeal is jurisdictional, . . . the issue of timeliness may be raised, even *sua sponte*, at any stage of the proceedings." *Id.*

In this matter, the Trial Court dismissed Quinn's Complaint, in full, through its October 9, 2019 order. That order was final in nature, as it disposed of all of Quinn's claims; therefore, Quinn was required to file any appeal within 30 days of its entry. Pa. R.A.P. 903(a). Despite this fundamental requirement, Quinn filed his Second Appeal well after that deadline had passed. Moreover, even if we were able to ignore this point, it remains that Quinn focuses the substance of his appellate arguments solely upon the Trial Court's dismissal of his Complaint, which occurred on October 9, 2019, rather than the Trial Court's April 6, 2020 denial of his March 2020 Application for Leave to Proceed *In Forma Pauperis*. *See* Quinn's Br. at 14-18. Given that Quinn does not claim the existence of fraud or that a breakdown in the judicial apparatus occurred, we have no basis for excusing the jurisdictional defects of his Second Appeal.

### III. Conclusion

In light of the foregoing analysis, we quash Quinn's Second Appeal.[6]

_____
ELLEN CEISLER, Judge

---

[6] Due to our disposal of Quinn's Second Appeal on jurisdictional grounds, we decline to reach the merits of the Trial Court's decision to dismiss his Complaint as frivolous.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Phillip Quinn,      :
     Appellant  :
         :
  v.       : No. 1232 C.D. 2020
         :
John E. Wetzel, Secretary of :
Department of Corrections,  :
Accreditation, Audit and Risk :
Management Security, LLC  :
("AARMS")      :

# **O R D E R**

AND NOW, this 17th day of May, 2021, it is hereby ORDERED that Appellant Phillip Quinn's appeal of the Court of Common Pleas of Schuylkill County's April 6, 2020 order is QUASHED for lack of jurisdiction.

_____
ELLEN CEISLER, Judge