# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Fullman,                                  :
                    Appellant                     :
                                                  :
          v.                                      :
                                                  :   No. 765 C.D. 2021
Bureau of Administrative Adjudication   :   Submitted: August 12, 2022


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON               FILED:  October 18, 2022


Andrew Fullman (Fullman), *pro se*, appeals from an order of the Court of Common Pleas of Philadelphia (trial court). The trial court denied Fullman's motion for reconsideration of its order dismissing Fullman's appeal of a parking ticket adjudication by the City of Philadelphia Bureau of Administrative Adjudication (Bureau). Upon review, we quash the appeal, as it was filed from an order that is not reviewable.

In September 2020, the Bureau issued a written determination upholding a parking ticket received by Fullman. In October 2020, Fullman appealed that determination to the trial court. Ultimately, in June 2021, the trial court dismissed Fullman's appeal for failure to prosecute after he failed to file a brief or otherwise comply with the trial court's scheduling order. Fullman filed a motion for reconsideration, which the trial court denied. He then appealed to this Court from

the denial of reconsideration. However, he did not appeal from the trial court's underlying order dismissing his appeal from the Bureau's determination.

After filing his notice of appeal in this Court, Fullman filed a petition for a preliminary injunction essentially seeking a stay while his appeal was pending. By order dated October 25, 2021, this Court denied the petition because Fullman had not demonstrated that he first sought relief in the trial court as required by Rule 1732(a) of the Pennsylvania Rules of Appellate Procedure.[1] *Fullman v. Bureau of Admin. Adjudication* (Pa. Cmwlth., No. 765 C.D. 2021, filed Oct. 25, 2021), *per curiam* Order. In that order, this Court also expressly instructed:

> Additionally, the parties are directed to address the appealability of the trial court's June 28, 2021 denial of [Fullman's] motion for reconsideration in their principal briefs on the merits or in an appropriate motion. *See Kohr v. Lower Windsor Twp. Bd. of Supervisors*, 910 A.2d 152, 161 n.16 (Pa. Cmwlth. 2006) (a trial court's denial of a request for reconsideration of a final order is not reviewable on appeal[).]

*Id.*

Fullman filed an application for reconsideration of this Court's order, apparently asserting that he had first sought a stay in the trial court as required by Rule 1732(a). By memorandum and order dated December 13, 2021, this Court denied the application because the stay Fullman had requested in the trial court did not relate to the order that was on appeal to this Court, *i.e.*, the trial court's order denying reconsideration. *Fullman v. Bureau of Admin. Adjudication* (Pa. Cmwlth., No. 765 C.D. 2021, filed Dec. 13, 2021), *per curiam* Memorandum and Order. This Court then observed:

---

[1] "Application for a stay of an order of a trial court pending appeal, or for approval of or modification of the terms of any supersedeas . . . must ordinarily be made in the first instance to the trial court . . . ." Pa.R.A.P. 1732(a).

Further, even if [Fullman] had complied with Pa.R.A.P. 1732(a), [he] fails to address the initial issue that must be addressed in this case, in that he fails to explain how his appeal of the trial court's June 28, 2021 denial of the motion for reconsideration is properly before this Court. *See Kohr v. Lower Windsor Twp. Bd. of Supervisors*, 910 A.2d 152, 161 n.16 (Pa. Cmwlth. 2006) (a trial court's denial of a request for reconsideration of a final order is not reviewable on appeal[).]

*Id.*

Fullman subsequently filed his appellate brief. He did not address the reviewability of the trial court's order denying reconsideration.

This Court has repeatedly explained that we cannot review an order denying reconsideration of a common pleas court's final order. As we stated in *Thorn v. Newman*, 538 A.2d 105 (Pa. Cmwlth. 1988), "'Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider . . . a final decree is not reviewable on appeal.'" *Id.* at 108 (quoting *Provident Nat'l Bank v. Rooklin*, 378 A.2d 893, 897 (Pa. Super. 1977); and then citing *Boden v. Thompkins*, 452 A.2d 833 (Pa. Super. 1982)). We have continued to adhere to that rule in subsequent cases. *See, e.g.*, *Commonwealth v. Rachau*, 670 A.2d 731, 734 n.8 (Pa. Cmwlth. 1996); *City of Phila. v. Frempong*, 865 A.2d 314, 318-19 (Pa. Cmwlth. 2005); *Kohr v. Lower Windsor Twp. Bd. of Supervisors*, 910 A.2d 152, 161-62 & n.16 (Pa. Cmwlth. 2006).

Here, Fullman has appealed from an order denying reconsideration of a final order of the trial court. The law is clear that such an order is not reviewable on appeal.

Moreover, as set forth above, this Court twice placed Fullman on notice that his appeal from the trial court's order denying reconsideration appeared to be nonreviewable. We specifically directed Fullman to address that apparent non-

reviewability in his brief before this Court. Despite that directive and a reminder in our subsequent memorandum and order, Fullman did not even mention the issue of reviewability in his brief. Thus, he has failed to point to any facts or legal principle that would allow this Court to review this appeal.

Accordingly, the appeal must be quashed because it was taken from a nonreviewable order.


_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Fullman,                         :
                    Appellant          :
                                        :
            v.                          :
                                        :   No. 765 C.D. 2021
Bureau of Administrative Adjudication   :

# O R D E R

AND NOW, this 18th day of October, 2022, the appeal of Andrew Fullman from the June 28, 2021 order of the Court of Common Pleas of Philadelphia County is QUASHED.

_____
CHRISTINE FIZZANO CANNON, Judge