# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Farrell | : | |
| | : | |
| | : | |
| v. | : | No. 163 C.D. 2021 |
| | : | SUBMITTED: April 14, 2022 |
| Lawrence Owens and | : | |
| Stephen C. Owens | : | |
| | : | |
| Appeal of: Lawrence Owens | : | |

## OPINION NOT REPORTED

**MEMORANDUM OPINION**                                          **FILED: October 28, 2022**
**PER CURIAM**


Before the Court is Lawrence Owens' (Appellant) interlocutory appeal from a November 30, 2020, order of the Court of Common Pleas of Mercer County denying his request for a change of venue. [Order of Nov. 30, 2020 (Mercer C.C.P. Civil Div., No. 2020-3010, filed November 30, 2020); Original Record "O.R." Item No. 13.[1]] Because this appeal is not properly before the Court both because it is untimely and an impermissible interlocutory appeal, we quash.

As stated by the trial court in its opinion filed under Pennsylvania Rule of Appellate Procedure 1925(a), Pa. R.A.P. 1925(a), and supported by the original record, the underlying action was an enforcement proceeding by the City of Farrell

---

[1] As set forth in the text below, this appeal concerns a different order than the one included with Appellant's Brief, which concerned the granting of the City of Farrell's request to enter a preliminary injunction, which was filed on February 1, 2021. [Order of Jan. 29, 2021 (Mercer C.C.P., Civil Div., No. 2020-3010, filed February 1, 2021); O.R. Item No. 44].

Because the record before the Court is the unpaginated Original Record of the trial court, when necessary, we cite to documents by item number.

concerning real property owned by Lawrence and Steven C. Owens (Owners) and activities taking place thereon. After a hearing on the merits commenced on January 29, 2021, which was required to be continued, on February 1, 2021, the trial court entered an order granting the City's request for a preliminary injunction prohibiting the Owners individually, and their employees, agents, and lessees, from violating several City ordinances concerning the use of property and statewide restrictions on the gathering of individuals that might contribute to the COVID-19 pandemic.

During the pendency of the matter before the trial court, on November 24, 2020, Appellant filed a motion for continuance which also contained a request for a change of venue. (Appellant's Mot. for Continuance filed Nov. 24, 2020; O.R. Item No. 10.) By order dated November 30, 2020, the trial court granted the continuance but denied the request for change of venue. [Order of Nov. 30, 2020 (Mercer C.C.P., Civil Div. No. 2020-3010, filed Nov. 30, 2020); O.R. at Item No. 13.]

On February 24, 2021, some eighty-six days after entry of the order denying his request for a change of venue, Appellant filed his notice of appeal with the Prothonotary of Mercer County, which was eventually perfected with this Court.

The only issues raised on appeal relate to the denial of the request for change of venue. (Appellant's Br. at 15.) However, we do not reach the merits.

In its order of October 12, 2021, this Court, *inter alia* noting that the appeal may be untimely under Pennsylvania Rule of Appellate Procedure 903(a), directed the parties to address whether the appeal was untimely in their principal briefs on the merits or in an appropriate motion. [Order of Oct. 12, 2021 (Pa. Cmwlth., No. 163 C.D. 2021, filed Oct. 12, 2021).] Despite this specific directive

2

from the Court, Appellant neglected to do so; the City notified the Court on December 6, 2021, of its nonparticipation because it considered the matter frivolous.

Rule 903(a) requires generally that a notice of appeal be filed within thirty days after the entry of the order from which the appeal is taken. If a litigant files his appeal after this time window has lapsed, the Court is deprived of jurisdiction and, absent a showing of fraud or a breakdown in the Court's operation, must consequently quash it. *Thorn v. Newman*, 538 A.2d 105, 107 (Pa. Cmwlth. 1988). Furthermore, given that the timeliness of an appeal is jurisdictional, the issue of timeliness may be raised, even *sua sponte*, at any stage of the proceedings. *Id.*

As the order at issue was filed by the trial court on November 30, 2020, and Appellant did not file his appeal until February 24, 2021, he did not file within the thirty-day window provided by Rule 903(a) and we lack jurisdiction.

Further, this matter does not qualify as an appealable interlocutory order under Pennsylvania Rule of Appellate Procedure 311(b), which provides that an interlocutory appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter if either "(1) the plaintiff . . . or other party benefitting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final; or (2) the [trial] court states in the order that a substantial issue of venue or jurisdiction is presented." Pa.R.A.P. 311(b)(1)-(2). Neither an election nor such an order was filed. In fact, the trial court later denied a request for certification of an appeal. [Order of Jan. 20, 2021 (Mercer C.C.P., Civil Div. No. 2020-3010, filed Jan. 20, 2021); O.R. at Item No. 26.] [2]

---

[2] Rule 903(c)(2) addresses the circumstance in which an order is appealed under Rule 341(b) and an election is made. Pa.R.A.P. 903(c)(2). However, that is not the situation here.

Hence, we quash the appeal and remand to the trial court for further proceedings as appropriate.[3]

---

[3] If we were not required to quash because the matter is not properly before the Court, we would still dismiss the appeal without reaching the merits. Appellant's brief violates several Rules of Appellate Procedure concerning the content of briefs. The minimal requirements for writing a proper brief are set forth in Chapter 21 of the Pennsylvania Rules of Appellate Procedure. Rule 2111(a) lists the essential components of an appellate brief and explains their proper order. Rules 2114 through 2119 correspondingly provide further specifications for the essential components. Appellant's brief is replete with violations: the inclusion of the wrong order appealed from, lack of adherence to organizational requirements for the statement of the case and argument, a lack of references to the Original Record in the absence of a reproduced record, and no specific citation to pertinent authorities.

Where a party substantially deviates from the Rules of Appellate Procedure and the defects prevent us from properly reviewing the case, we are constrained to quash or dismiss without reaching the merits of the case. Pa.R.A.P. 2101 (relating to conformance with requirements); *Grosskopf v. Workmen's Comp. Appeal Bd. (Kuhns Market)*, 657 A.2d 124 (Pa. Cmwlth. 1995). Such is the case here.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Farrell                     :
                                      :
         v.                  :   No. 163 C.D. 2021
                                        :

Lawrence Owens and        :
Stephen C. Owens         :
                                        :

Appeal of: Lawrence Owens   :   **<u>PER CURIAM</u>**

# **<u>O R D E R</u>**

AND NOW, this 28th day of October, 2022, the above-captioned Appeal is QUASHED and the matter is REMANDED to the Court of Common Pleas of Mercer County.

Jurisdiction is relinquished.