# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Campbell,                             :
                            Appellant       :
                                            :
                v.                          :    No. 638 C.D. 2024
                                            :    Submitted: June 3, 2025
H. Camdon Porterfield, Casey Shoup,         :
and Board of Assessment Appeals             :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED: July 14, 2025


Craig Campbell, pro se, appeals from an Order of the Court of Common Pleas of Westmoreland County (trial court) dated March 12, 2024, which denied his motion for reconsideration. Campbell had sought reconsideration of the trial court's earlier order sustaining Preliminary Objections (POs) filed by H. Camdon Porterfield, Casey Shoup, and Board of Assessment Appeals (collectively, Appellees),[1] and dismissing Campbell's complaint seeking a writ of mandamus (Complaint) with prejudice. Upon review, we are constrained to quash the appeal as an order denying reconsideration is not an appealable order and any attempt by Campbell to challenge the underlying order sustaining the POs and dismissing his

---

[1] Porterfield appears to be the chief assessor and Shoup the deputy chief assessor of the Westmoreland County Board of Assessment Appeals.

Complaint would be untimely as the filing of a motion for reconsideration does not toll the time in which an appeal must be filed.

Campbell initiated this action by filing a Complaint in the trial court alleging his property was over-assessed and raising a uniformity challenge.[2] Appellees filed POs asserting failure to exhaust a statutory remedy by filing an appeal with the Board of Assessment Appeals, lack of specificity, and failure to join a necessary party, i.e., Campbell's wife who co-owned the property.[3]

On February 6, 2024, the trial court issued an order sustaining the POs.[4] The trial court explained that Section 8844(b) of the Consolidated County Assessment Law (Law) sets forth the procedure for challenging a tax assessment, which is that "any persons aggrieved by the assessment and the affected taxing districts may file an appeal to the board [of assessment appeals] within 40 days of the date of the notice." 53 Pa.C.S. § 8844(b). The trial court further stated that, pursuant to Section 8854(a)(1) of the Law, only after an appeal is filed with the county board of assessment appeals may an appeal be taken to a court of common pleas. 53 Pa.C.S. § 8854(a)(1). Because the Complaint was devoid of any averments that Campbell availed himself of this process, the trial court found the Complaint could "be dismissed on this basis alone." (2/6/24 Order at 2.) The trial court further explained that because the Complaint did not aver any ministerial acts by Appellees, the Complaint could be dismissed on this basis, as well. (*Id.*) Finally, the trial court sustained the third PO because Campbell did not join his wife, a co-owner of the property. (*Id.*) The trial court recognized that amendment could cure the third PO,

---

[2] A copy of the Complaint is in the Reproduced Record at pages 1a through 5a.
[3] A copy of the POs is in the Reproduced Record at pages 6a through 16a.
[4] A copy of the trial court's February 6, 2024 order is in the Reproduced Record at pages 17a through 19a.

2

but amendment was futile for the other fatal defects in the Complaint. (*Id.*) Accordingly, in addition to sustaining the POs, the trial court dismissed the Complaint with prejudice. (*Id.* at 3.)

On February 29, 2024, Campbell filed a motion requesting reconsideration of the trial court's February 6 Order and a hearing.[5] On March 12, 2024, the trial court issued its Order denying same.[6]

On April 1, 2024, Campbell timely filed an appeal from the trial court's Order denying reconsideration. In its opinion issued pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a) (Rule 1925(a) Opinion or Op.), the trial court explained that a motion for reconsideration does not toll the period for filing an appeal, and Campbell did not present his motion for reconsideration to the trial court until at routine motions court on March 12, 2024.[7] By then, the appeal period had run. (Rule 1925(a) Op. at 2.)[8]

On September 6, 2024, this Court issued an order directing the parties to address the appealability of the trial court's March 12, 2024 Order in their principal briefs on the merits. The parties' briefs having been filed, this matter is now ripe for consideration.

---

[5] A copy of the motion is in the Reproduced Record at pages 20a through 31a.

[6] In addition to being appended to Campbell's Brief, a copy of the March 12, 2024 Order is in the Reproduced Record at page 32a.

[7] In his brief, Campbell claims he waited to file the motion for reconsideration because he did not receive the February 6, 2024 order until February 23, 2024, and the trial court judge's secretary told him to delay filing the motion for reconsideration "due to scheduling constraints." (Campbell's Brief at 8.) Notwithstanding whether this claim is true, while this may have impacted the amount of time the trial court had to consider the motion for reconsideration before losing jurisdiction, it would not have impacted Campbell's ability to timely appeal the February 6, 2024 order within 30 days.

[8] The trial court stated that because Campbell's concise statement of errors complained of on appeal did not comport with Rule 1925(b), Campbell waived the issues he raised on appeal. (Rule 1925(a) Op. at 1-2.)

Although the parties were directed to address the appealability of the Order in their respective briefs, Campbell did not do so. Instead, Campbell focuses his arguments on the merits of the trial court's February 6, 2024 order sustaining the POs and dismissing the Complaint, which Campbell identifies as one of the orders on appeal. However, it is well established that an application for reconsideration does not toll the period in which an appeal must be taken unless reconsideration is expressly granted within the appeal period. *Phila. Cmty. Dev. Coal., Inc. v. Fassett Tr. for Fassett*, 312 A.3d 377, 387 (Pa. Cmwlth. 2024). Therefore, to timely appeal from the February 6, 2024 order sustaining the POs and dismissing the Complaint, Campbell had to file a notice of appeal within 30 days of that order, or by March 7, 2024, which he did not do. *See* Pennsylvania Rule of Appellate Procedure 903(a), Pa.R.A.P. 903(a) (stating "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken"). Instead, he filed the motion for reconsideration, which the trial court did not expressly grant within the appeal period. Consequently, consistent with precedent, because Campbell did not appeal within 30 days of the February 6, 2024 order sustaining the POs and dismissing the Complaint, that order is not properly before us and we would lack jurisdiction to consider it.

Campbell, though, did timely file an appeal from the March 12, 2024 Order denying reconsideration. Unfortunately for Campbell, it is equally well established that an order denying reconsideration is not an appealable order. *Thorn v. Newman*, 538 A.2d 105, 108 (Pa. Cmwlth. 1988). We, therefore, are constrained to quash the appeal.

_____
**RENÉE COHN JUBELIRER,** President Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Campbell,                :
           Appellant      :
                            :
           v.              :    No. 638 C.D. 2024
                            :
H. Camdon Porterfield, Casey Shoup,    :
and Board of Assessment Appeals     :

## O R D E R

NOW, July 14, 2025, the appeal filed by Craig Campbell is **QUASHED**.

_____
**RENÉE COHN JUBELIRER,** President Judge